**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT A. WILLIAMS,** | ) |
| Plaintiff, | ) |
| | ) Case No. 4:21-CV-966-SRC |
| v. | ) |
| | ) |
| **LG CHEM, LTD. and LG CHEM** | ) |
| **AMERICA, INC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT LG CHEM AMERICA, INC.'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant LG Chem America, Inc. ("LGCAI"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction.

**INTRODUCTION**

Defendant LGCAI requests an Order dismissing Plaintiff's Complaint against it for lack of personal jurisdiction. Plaintiff cannot meet his burden of establishing that either general or specific personal jurisdiction exists over LGCAI.

First, as to general jurisdiction, LGCAI is a Delaware corporation with its headquarters and principal offices in Atlanta, Georgia, and there are no "exceptional circumstances" that would allow LGCAI to be considered "at home" in Missouri. Therefore, general jurisdiction is lacking.

Second, as to specific jurisdiction, Plaintiff alleges that he was injured by use of an 18650 lithium ion battery cell that he purchased from a Missouri retailer to power his e-cigarette device. LGCAI has never served a consumer market for standalone, removable, replaceable lithium ion batteries in Missouri or anywhere else, whether for e-cigarettes or any other purpose. (**Exhibit A**,

Declaration of HyunSoo Kim (Kim Decl.), ¶¶ 13–17.)  Therefore, if the subject battery was an "LG" brand 18650 lithium ion battery cell, it did not arrive in a Missouri retail vape store for sale to a consumer like Plaintiff as the result of or related to any contact between LGCAI and Missouri, and specific jurisdiction is lacking.

Last year, the Missouri Supreme Court ruled that LG Chem, Ltd. was not subject to specific jurisdiction in Missouri in a case involving virtually identical claims.  *State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899, 904 (Mo. 2020).  The U.S. Supreme Court's subsequent decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) reaffirmed the core principles of constitutional due process supporting the Missouri Supreme Court's decision in *State ex rel. LG Chem, Ltd.*  Those same principles apply equally here, and personal jurisdiction is lacking over LGCAI in Missouri for the same reasons that the Missouri Supreme Court found personal jurisdiction lacking over LG Chem, Ltd.

## STATEMENT OF FACTS

In this product liability action, Plaintiff Robert A. Williams alleges that he was injured on or about August 7, 2018, when two lithium ion batteries he purchased for use in his electronic cigarette device allegedly exploded in his pants pocket.  (Plf.'s Complaint (Compl.), ¶¶ 1, 42–43 [ECF No. 1].)  Plaintiff identifies the subject batteries as "18650 lithium-ion batteries" allegedly manufactured by Defendant LG Chem, Ltd.  (*Id.*, ¶¶ 1, 42.)

### A. Plaintiff's jurisdictional allegations.

Plaintiff's jurisdictional allegations against LGCAI are set forth in Paragraph 10 of his Complaint.  Plaintiff alleges that "the Defendants" (LG Chem America, Inc. and LG Chem, Ltd.) maintain "continuous and systematic contacts" with "Missouri entities and the Missouri market with respect to lithium-ion batteries, including 18650 lithium-ion batteries." (Compl., ¶ 10 [ECF

No. 1].) Plaintiff alleges that the "regular course and scope" of "each Defendant's" business "involves shipping huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri," and that "each Defendant" "has specifically shipped tens of thousands of lithium-ion batteries into Missouri." (*Id.*) Plaintiff also alleges, upon information and belief, that "these batteries (including 18650 batteries) were during the relevant time period sold both as stand-alone batteries at retailers in Missouri and as component parts in products sold in Missouri. This suit arises out of or relates to the Defendants' contacts with Missouri because it involves an injury to a Missouri resident that occurred in Missouri and was caused by an LG-manufactured 18650 lithium-ion battery sold in Missouri." (*Id.*)

### B. Background facts illustrating LGCAI's lack of connection to Missouri and the claims at issue.

LGCAI is a Delaware corporation with its headquarters and principal offices in Atlanta, Georgia. (**Ex. A**, Kim Decl., ¶ 4.) In addition, as set forth in the accompanying Declaration of HyunSoo Kim:

- LGCAI does not have an office in Missouri;

- LGCAI is not registered to do business of any kind in Missouri and does not have a registered agent for the service of process in Missouri;

- LGCAI does not own or lease any real property in Missouri;

- LGCAI does not have employees who work in Missouri.

(*Id.*, at ¶¶ 5–9.)

In addition, LGCAI has not engaged in any purposeful business activities in or directed to the State of Missouri related to Plaintiff's claims. As set forth in the supporting Declaration of HyunSoo Kim, LGCAI does not have any manufacturing facilities and does not manufacture any products. (**Ex. A**, Kim Decl., ¶ 11-12.) LGCAI has never distributed, marketed, advertised, or

3

sold any lithium ion battery cells for use by individual consumers as standalone, removable, replaceable batteries in Missouri, or anywhere, for e-cigarette devices or any other purpose. (*Id*., ¶ 13; *see also* ¶¶ 14–15.)  LGCAI has never engaged, directed, or authorized any individual or entity to distribute, market, advertise, or sell any 18650 lithium ion battery cells to individual consumers for use as standalone, removable, replaceable batteries for any purpose. (*Id*., ¶ 16.) LGCAI has never distributed, marketed, advertised, or sold any lithium ion battery cells to any distributor, wholesaler, retailer, or any other individual or entity known to LGCAI to be engaged in the business of selling 18650 lithium ion cells directly to consumers for use as standalone, removable, replaceable batteries. (*Id*., ¶ 17.)

Based on the above facts, LGCAI has not formed any contacts with Missouri related in any way to Plaintiff's claims of injury allegedly resulting from his use of two 18650 lithium ion battery cells as standalone batteries to power his e-cigarette device.

## LEGAL STANDARD

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.' " *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *K–V Pharm. Co. v. J. Uriach & CIA*, S.A., 648 F.3d 588, 591–92 (8th Cir. 2011)).  When the defendant presents evidence refuting personal jurisdiction, the plaintiff must respond with contrary evidence or otherwise refute the evidence presented by the defendant, as opposed to merely relying on his pleadings. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008)) (a plaintiff's "prima facie showing [of jurisdiction] "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition").

4

The plaintiff bears the burden of proving that personal jurisdiction is proper, and that burden does not shift to the defendant. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

In its landmark decision, the U.S. Supreme Court held in *International Shoe v. Washington*, 326 U.S. 310 (1945), that a state may exercise personal jurisdiction over an out-of-state defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 316 (internal quotation marks omitted). A non-resident defendant's contacts with a forum state can be analyzed under two different approaches to determine if they are sufficient to confer personal jurisdiction: general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.9 (1984); *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 902.

To subject a non-resident defendant to jurisdiction in a diversity action, the plaintiff must plead and prove two elements: first, that the suit arose from any of the activities enumerated in Missouri's long-arm statute, and second, that the defendant has sufficient minimum contacts with Missouri to satisfy due process requirements. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909–10 (8th Cir. 2012) (holding that federal district courts in Missouri must conduct separately the long-arm-statute and due-process inquiries); *Insituform Techs., Inc. v. Reynolds, Inc.*, 398 F. Supp. 2d 1058, 1062–63 (E.D. Mo. 2005). "Failure to make either showing is grounds to dismiss for lack of personal jurisdiction." *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 903 n.2. Of course, "if jurisdiction is not proper under the Due Process Clause, it is unnecessary to analyze jurisdiction under the state long-arm statute," and vice-versa. *Tribus, LLC v. Goodhue*, No. 4:21-CV-00150-MTS, 2021 WL 1967368, at *2 (E.D. Mo. May 17, 2021) (citation omitted); *see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) ("We need not decide whether [the defendant's actions] suffice to place it within the bounds of Missouri's

5

long-arm statute, because it is clear that the cited activities are not sufficient to surmount the due-process threshold.").

Here, Plaintiff has not met his burden because he has not established sufficient facts to invoke either the general or specific personal jurisdiction of the Court in this case. Therefore, LGCAI should be dismissed from this action for lack of personal jurisdiction.

## ARGUMENT

### A. Plaintiff cannot meet his burden of establishing general jurisdiction because LGCAI is not "at home" in Missouri.

A defendant is subject to a court's general personal jurisdiction only when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). The "paradigm" places in which a corporation may fairly be regarded as "at home" are (1) its place of incorporation and (2) the forum in which its principal place of business is located. *Id.*; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) (internal citations omitted). The U.S. Supreme Court in *Daimler* explained that:

> [G]eneral jurisdiction requires affiliations "so 'continuous and systematic' as to render [the foreign corporation] essentially at home in the forum State." *i.e.*, comparable to a domestic enterprise in that State.

*Daimler*, 571 U.S. at 132–33, n.11 (internal citation omitted).

In *BNSF Railway v. Tyrrell*, 137 S. Ct. 1549 (2017), the Supreme Court held that, absent exceptional circumstances, not present here, the only relevant considerations for general jurisdiction for a corporate defendant are the corporation's state of incorporation and principal place of business. *Id.* at 1559.

Courts in Missouri, like courts around the country, have routinely held that, under these authorities, general jurisdiction is lacking over non-resident defendants, like LGCAI, that are not incorporated in Missouri and do not have their principal place of business there. *See, e.g.*, *State*

6

*ex rel. Bayer Corp. v. Moriarty*, 536 S.W.3d 227, 232 (Mo. 2017); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 48 (Mo. 2017); *Tribus,* 2021 WL 1967368, at *3 n.2.

Here, Plaintiff has not alleged any facts to support the exercise of general jurisdiction over LGCAI, nor could he. LGCAI is a Delaware corporation with its principal place of business in Atlanta, Georgia. (**Ex. A**, Kim Decl., ¶ 4.) Because LGCAI is not incorporated in Missouri and does not have its principal place of business in Missouri, and no exceptional circumstances are present here (*see id.*, ¶¶ 5–9), LGCAI cannot be considered "at home" in Missouri and is not subject to the general jurisdiction of Missouri courts.

### B. Plaintiff cannot meet his burden of establishing specific jurisdiction because the Missouri long-arm statute is not satisfied.

In pertinent part, Missouri's long-arm statute authorizes Missouri courts to exercise jurisdiction over any company, whether or not a citizen or resident of Missouri, for causes of action arising from (1) the transaction of any business within the state; (2) the making of any contract within the state; (3) the commission of a tortious act within the state; or (4) the ownership, use, or possession of any real estate within the state. Mo. Rev. Stat. § 506.500.1(1)–(4). The statute further explains that "[o]nly causes of action *arising from* acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section." *Id.* § 506.500.3 (emphasis added). In applying the long-arm statute, Missouri courts have held that "[a]ctivities which satisfy the provisions of (the long-arm statute) must also be the basis of plaintiff's cause of action." *Anderson Trucking Svc., Inc. v. Ryan*, 746 S.W.2d 647, 650 (Mo. App. E.D. 1988) (citing *State ex rel. Bank of Gering v. Schoenlaub*, 540 S.W.2d 31, 35 (Mo. 1976)).

Here, Plaintiff contends that he purchased "18650 lithium-ion batteries" from a Missouri retailer for use as standalone batteries to power his e-cigarette device. LGCAI has introduced admissible evidence showing that it never engaged, directed, or authorized any distributor,

7

wholesaler, retailer, or any other individual or entity to distribute, market, advertise, or sell LG 18650 lithium ion cells to consumers in Missouri for use as standalone, replaceable batteries for any purpose. (**Ex. A**, Kim Decl., ¶ 16.)

Plaintiff also alleges, without any supporting facts, that LGCAI's business "involves shipping huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri," and that LGCAI "has specifically shipped tens of thousands of lithium-ion batteries into Missouri." (Compl., ¶ 10 [ECF No. 1].) Even if this unsupported allegation were true, which it is not, this contention is legally insufficient to satisfy Plaintiff's burden. Even if LGCAI had shipped "huge quantities" of 18650 lithium ion battery cells to industrial customers in Missouri, to be encased in battery packs with protective circuity (which it did not), this would still not be sufficient to support Plaintiff's burden because Plaintiff could not show the required connection between such sales and his claim that he was injured by use of a 18650 lithium ion cell as a standalone consumer battery. And Plaintiff offers no support for this contention.

Plaintiff therefore cannot establish any conduct by LGCAI that fits into any of the enumerated bases listed in the long-arm statute and gives rise to his claims, and specific personal jurisdiction is lacking.

### C. Plaintiff cannot meet his burden of establishing specific jurisdiction because LGCAI lacks suit-related contacts with Missouri, and due process is not satisfied.

To exercise specific jurisdiction consistent with the requirements of due process, the Court must consider the "relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Specific jurisdiction may be exercised only in those "cases in which the suit arise[s] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 571 U.S. at 127 (alterations in original) (quoting *Helicopteros*, 466 U.S. at 414 n. 8); *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 101, 1025 (2021); *Tribus*, 2021 WL 1967368, at

8

*4 (quoting *Ford*, 141 S. Ct. at 1025); *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 903 (citing *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017)).

In *State ex rel. LG Chem, Ltd.*, the Missouri Supreme Court found personal jurisdiction lacking over LG Chem, Ltd. in Missouri in a similar suit where the plaintiff alleged he was injured by use of an LG brand 18650 lithium ion cell that was purchased from a Missouri vape shop for use as a standalone battery to power his e-cigarette device.  The trial court had initially denied LG Chem, Ltd.'s motion to dismiss for lack of personal jurisdiction, and LG Chem, Ltd. appealed by seeking a writ of prohibition.  After briefing and oral argument, the Missouri Supreme Court issued a permanent writ of prohibition on June 2, 2020, preventing the circuit court from further enforcement of its order.  Relying on and applying *Bristol-Myers*, *J. McIntyre Mach. Ltd. v. Nicastro*, 564 U.S. 873 (2011), *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), and its own prior precedents, the Missouri Supreme Court concluded that "[b]ecause LG Chem [Ltd.] has no contacts with the state of Missouri other than its product arriving into Missouri through the unilateral action of a third party, LG Chem [Ltd.] lacks sufficient minimum contacts with Missouri to satisfy due process.  Accordingly, the circuit court lacks personal jurisdiction over LG Chem [Ltd.] in this matter."  599 S.W.3d at 902.

The U.S. Supreme Court recently addressed specific personal jurisdiction in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).  In *Ford*, the Supreme Court reiterated that, in order for a court to exercise specific jurisdiction consistent with due process, the plaintiff's claim " 'must arise out of or relate to the defendant's contacts' with the forum."  *Id.* at 1025 (citing *Bristol-Myers*, 137 S. Ct. at 1780).  Although the Supreme Court rejected Ford's argument that there must be a strict causal connection between the defendant's in-state conduct and the plaintiff's claims, the Court nevertheless reiterated that the specific jurisdiction analysis

9

must focus on the extent and nature of the defendant's conduct directed to the forum state and the degree to which that conduct is related or connected to the plaintiff's claims. *Id.* at 1027–28. The U.S. Supreme Court's subsequent decision in *Ford* reaffirms the principles underlying the Missouri Supreme Court's decision in *State ex rel. LG Chem, Ltd*.

Here, the claims against LGCAI should be dismissed because Plaintiff cannot prove that his claims arose out of or relate to purposeful contacts formed between LGCAI and the State of Missouri, and due process prevents the exercise of jurisdiction over LGCAI.

    **1. Plaintiff cannot establish that LGCAI purposefully availed itself of a consumer market for standalone batteries in Missouri or that his claims "arise out of or relate to" any action LGCAI directed to the State of Missouri.**

Plaintiff alleges that he was injured in Missouri by a product he describes as a "18650 lithium-ion battery" that he purchased from a retail vape shop in Missouri. (Compl. ¶¶ 1, 42.)

In its most recent pronouncement on specific jurisdiction, the U.S. Supreme Court reiterated in *Ford* that specific jurisdiction must be determined based on the contacts the defendant itself formed with the forum state—not contacts formed by others. In *Ford*, which consolidated two cases that originated in Montana and Minnesota state courts, the Supreme Court found that those two states had properly exercised personal jurisdiction over Ford in cases in which a consumer plaintiff asserted product liability claims against the company based on use of a Ford vehicle that had arrived in the forum state as the result of consumer relocations and resales, and was not designed, manufactured, or sold in the forum by Ford. Although Ford did not bring the specific vehicles to the forum states, Ford itself engaged in extensive and wide-ranging activities in the forum state in furtherance of its undisputed intention to serve a consumer market for the very same type of vehicles at issue. It was Ford, not unauthorized third parties, that supplied consumers in Minnesota and Montana with Ford Explorers and Crown Victorias; it was Ford, not

10

unauthorized third parties, that advertised those vehicles to in-state consumers on TV and billboards and by "every means imaginable"; and it was Ford that licensed dealers to sell, maintain, and repair Ford cars in Minnesota and Montana.  141 S. Ct. at 1028.  Ford had "a veritable truckload" of relevant, suit-related contacts with the forum states.  *Id*. at 1031.

By contrast, here, LGCAI was not involved in supplying consumers in Missouri with LG 18650 lithium ion battery cells sold as standalone batteries by retail stores.  LGCAI did not supply lithium ion battery cells to Missouri retailers for re-sale to consumers as standalone batteries.  LGCAI did not advertise to Missouri consumers on TV or billboards to purchase lithium ion battery cells as standalone batteries for any purpose, let alone as standalone, removable, replaceable e-cigarette batteries.  Any connections that exist between Missouri and this lawsuit were formed entirely by Plaintiff and other third parties; none by LGCAI.

Notwithstanding Plaintiff's unsupported and untrue allegation that LGCAI maintains purposeful contacts with "the Missouri market with respect to lithium ion-batteries, including 18650 lithium-ion batteries" (Compl., ¶ 10), the undisputed facts supporting LGCAI's Motion establish that LGCAI did not serve a consumer market for standalone, removable, replaceable lithium ion batteries in Missouri, and has no purposeful contacts with Missouri related in any way to Plaintiff's claim for injury allegedly resulting from his misuse of an 18650 lithium ion battery cell as a standalone battery to power his e-cigarette device.

> **2. Due process does not allow the exercise of jurisdiction over LGCAI based on contacts formed with Missouri by third parties.**

In his Complaint, Plaintiff alleges that "[t]his suit arises out of or relates to the Defendants' contacts with Missouri because it involves an injury to a Missouri resident that occurred in Missouri and was caused by an LG-manufactured 18650 lithium-ion battery sold in Missouri." (Compl., ¶ 10.)  Even if the subject battery was an 18650 lithium ion battery cell manufactured by

11

LG Chem, Ltd., Plaintiff's own allegation focuses on the fact that the battery was allegedly "sold" in Missouri, while ignoring who sold it in Missouri and how it arrived here.

In *Ford*, the U.S. Supreme Court reiterated one of the core principles underlying the Missouri Supreme Court's decision in *State ex rel. LG Chem, Ltd.*—that the relevant contacts with the forum state must be "the defendant's own choice," not contacts formed by the plaintiff or other third parties. *Ford*, 141 S. Ct. at 1025; *State ex rel. LG Chem, Ltd.*, 599 S.W.3d at 903 ("It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis."); *see also Ackerman v. Howmedica Osteonics Corps.*, No. 6:20-CV-03061-MDH, 2020 WL 6588358, at *3 (W.D. Mo. Nov. 10, 2020) (citing *State ex. rel. LG Chem, Ltd.*, 599 S.W.3d at 904).

If the subject battery was an "LG" brand 18650 lithium ion battery cell, it did not arrive in a Missouri retail vape store for sale to a consumer like Plaintiff as the result of or related to any contact between LGCAI and Missouri. Instead, the battery cell could only have arrived in Missouri through the unilateral actions of unidentified third parties.

Unlike *Ford*, where the U.S. Supreme Court found jurisdiction was proper because Ford regularly served a consumer market for the very same type of vehicles in those states, here, LGCAI did not serve a consumer market in Missouri for standalone 18650 lithium ion batteries. Therefore, even if Plaintiff's allegation that LGCAI distributed tens of thousands of lithium ion batteries into Missouri were true (which it is not), it would not be sufficient to support the exercise of specific jurisdiction because Plaintiff cannot show that such alleged activities are related in any way to his claims for injury from his use of a lithium ion battery cell that he acquired from a Missouri retailer as a standalone battery to power his e-cigarette device.

## CONCLUSION

For the foregoing reasons, Defendant LGCAI respectfully requests an Order dismissing Plaintiff's claims against it for lack of personal jurisdiction.  LGCAI is not subject to general jurisdiction because it cannot fairly be said to be "at home" in Missouri.  LGCAI is not subject to specific jurisdiction because the Missouri long-arm statute does not apply, and Plaintiff's claims do not arise out of or relate to purposeful minimum contacts formed by LGCAI with Missouri.  Therefore, this suit cannot be maintained against LGCAI in this forum.

Dated this 30th day of August, 2021.

*/s/ Brian Plegge*
Brian R. Plegge, #32500 (MO)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
Saint Louis, Missouri 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
bplegge@bjpc.com

*/s/ Rachel Hedley*
Rachel Atkin Hedley, #16941 (SC)
NELSON MULLINS RILEY & SCARBOROUGH
1320 Main Street, Suite 1700
Columbia, SC 29201
Phone: (803) 255-5565
Fax: (803) 256-7500
rachel.hedley@nelsonmullins.com

***Attorneys for Defendant LG Chem America, Inc.***

Case: 4:21-cv-00966-SRC   Doc. #:  5-1   Filed: 08/30/21   Page: 14 of 14 PageID #: 50

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was served on counsel of record by the Court's electronic filing system on this 30th day of August, 2021.

*/s/ Rachel Hedley*
Rachel Atkin Hedley