UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. WILLIAMS, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No.  4:21-cv-00966-SRC |
| | ) |
| LG CHEM, LTD., et al. | ) |
| | ) |
| Defendant(s). | ) |

**<u>Memorandum and Order</u>**

Robert Williams sued two LG companies after an electronic cigarette powered by an LG lithium-ion battery exploded in his pocket, causing him to suffer severe injuries.  Doc. 1 at pp. 2, 12; Doc. 5-1 at p. 1.  LG Chem America moves to dismiss the case for lack of personal jurisdiction, asserting by affidavit that the company has never sold any lithium-ion batteries to anyone in Missouri and has no other suit-related contacts with Missouri.  Doc. 19 at pp. 1–2.  Because Williams has not met his burden of making a prima facie case that personal jurisdiction over LG Chem America exists, the Court grants LG Chem America's Motion to Dismiss.

**I.      Background**

In the summer of 2018, several weeks after Williams purchased LG 18650 lithium-ion batteries and an e-cigarette from a retail store in Missouri, two of those batteries exploded in his pocket, causing severe burn injuries to his leg, genitals, and fingers.  Doc. 1 at p. 12.  Seeking compensation for his injuries, Williams sued LG Chem, Ltd., a Korean company, and one of its American subsidiaries, LG Chem America, Inc, a Delaware company with its principal place of business in Georgia.  While Williams has not yet served LG Chem Ltd. with his complaint, he did serve LG Chem America, and the company responded by filing a motion to dismiss the case

for lack of personal jurisdiction. Doc. 5. LG Chem America argues that neither the Missouri long-arm statute nor the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution permits the Court to exercise personal jurisdiction over it. Docs. 5-1, 19.

In support of its motion, LG Chem America filed several affidavits sworn out by HyunSoo Kim, LG Chem America's compliance officer. Docs. 5-2, 19-1. Kim swore that the company "has never sold, shipped, or distributed any lithium ion battery cells to anyone in the State of Missouri." Doc. 19-1 at p. 3. He further attested that, while the company "was involved in the sales of certain, limited models of 18650 lithium ion battery cells manufactured by LG Chem, Ltd. to U.S. customers of LG Chem, Ltd. located in only two U.S. states, neither of [those states was] Missouri. [LG Chem America also] made no further sales of 18650 lithium ion battery cells to anyone in the United States after May 2016." *Id*. The affidavits also state that LG Chem America's "product sales to Missouri are limited to petrochemical products," and that the company does not have offices, property, employees, or a registered agent in Missouri. *Id.*; Doc. 5-2 at p. 3.

Williams, for his part, has not filed any affidavits or any other evidence but instead relies entirely on the allegations in his complaint to establish personal jurisdiction over LG Chem America. He alleges that LG Chem America "ship[s] huge quantities of its batteries, including 18650 lithium-ion batteries into Missouri, and that the company "market[s], advertise[s], target[s], and promote[s] the sale of its various products, including lithium-ion batteries, to numerous consumers and distributors throughout Missouri." Doc. 1 at pp. 7–9. Williams claims that LG Chem America "has specifically shipped tens of thousands of lithium-ion batteries into Missouri." *Id.* at p. 3. Williams also alleges that the two defendant companies sell their lithium-

ion batteries to third-party distributors with the knowledge and expectation that those batteries be sold in Missouri. *Id.*

## II. Standard

Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss a lawsuit for lack of personal jurisdiction. When a defendant contests personal jurisdiction, a plaintiff bears the burden at the pleading stage to "make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (internal quotations and alterations omitted). "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *Id.* at 592 (internal quotations, alterations, and citations omitted). At this stage, the Court views all the evidence in the light most favorable to the plaintiff and will not dismiss the case if the evidence, when viewed in this light, "is sufficient to support a conclusion that the exercise of personal jurisdiction over [the defendant] is proper." *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015).

## III. Discussion

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment," *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011), and LG Chem America argues that neither permit the Court's exercise of jurisdiction here. However, because LG Chem America's activities do not "surmount

3

the due-process threshold," the Court "need not decide" the long-arm-statute question. *Id*. at 594.

Due process requires a plaintiff to establish that "sufficient 'minimum contacts' exist" between the defendant and the forum state such that "'traditional notions of fair play and substantial justice' are not offended." *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These minimum contacts with the forum state must allow the defendant to "reasonably anticipate being haled into court there." *Id.* (quotation omitted). While the Due Process Clause allows the court to exercise general or specific personal jurisdiction over a defendant, *see, e.g.*, *Fastpath, Inc. v. Arbela Tech., Corp.*, 760 F.3d 816, 820 (8th Cir. 2014), because Williams argues only that the Court has specific jurisdiction over LG Chem America, the Court only addresses specific jurisdiction.

A court's jurisdiction over specific claims arises out of a relationship among the defendant, the forum, and the litigation. *Daimler AG v. Bauman*, 571 U.S. 117, 133 (2014). Specific jurisdiction requires the suit to "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017) (internal quotations omitted); *see also Whaley*, 946 F.3d at 451 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (noting that "the relationship must arise out of contacts that the 'defendant himself' create[d] with the forum State").

The Eighth Circuit has identified five factors for courts to consider in assessing minimum contacts: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *K-V Pharm. Co.*, 648 F.3d at 592 (quoting *Johnson v. Arden*, 614 F.3d 785, 794 (8th

4

Cir. 2010)) (alteration in original).  The factors are interrelated, and the Eighth Circuit considers them together.  *See id.* ("Although the first three factors are primary factors, and the remaining two are secondary factors, we look at all of the factors and the totality of the circumstances in deciding whether personal jurisdiction exists.").

Turning to the first and second factor, Williams alleges that LG Chem America has pervasive business contacts with Missouri.  The complaint states that the company regularly "ship[s] huge quantities of its batteries, including 18650 lithium-ion batteries into Missouri, and that the company "market[s], advertise[s], target[s], and promote[s] the sale of its various products, including lithium-ion batteries, to numerous consumers and distributors throughout Missouri." Doc. 1 at pp. 7–9.  LG Chem America's affidavit, however, states that its contacts in Missouri are limited to the sale of petrochemical products and that it has no other contacts with Missouri.  Doc. 19-1 at p. 3.  The company representative swore that LG Chem America "has never sold, shipped, or distributed any lithium-ion battery cells to anyone in the State of Missouri." *Id.*  LG Chem America has also submitted evidence that the company does not have offices, property, employees, or a registered agent in Missouri.  Doc. 5-2 at p. 3.

Thus, LG Chem America admits that it carries on *some* business in Missouri, but none related to this litigation.  Testing his complaint against the affidavits submitted by LG Chem America, Williams can only make out a case that LG Chem America's contacts with Missouri *surrounding the sale of petrochemical products* were not "random, fortuitous, or attenuated," and rather "purposeful availment" of the privilege of conducting activities in Missouri.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  Nevertheless, for the Court to exercise specific personal jurisdiction over LG Chem America, the suit must "arise out of or relate to the

5

defendant's contacts with the forum." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (internal quotations omitted).

The third factor requires the Court to consider the relation of Williams's claim to LG Chem America's contacts in Missouri. Under this critical factor, the Court can *only* exercise specific personal jurisdiction over a defendant where the claims against that defendant arise out of or relate to the defendant's contacts with the forum. *Ford v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) ("The plaintiff 's claims, we have often stated, 'must arise out of or relate to the defendant's contacts' with the forum."). Here, the undisputed evidence demonstrates that LG Chem America's contacts with Missouri only involve the sale of petrochemical products, and Williams's makes no argument that his claims involve sales of petrochemical products. This fact weighs heavily against finding personal jurisdiction over LG Chem America. *Ford*, 141 S. Ct. at 1025.

Williams incorrectly argues that *Ford Motor Co. v. Montana Eighth Judicial District Court* requires the Court to deny LG Chem America's motion. 141 S. Ct. 1017 (2021). *Ford* held that the connection between the plaintiffs' claims arising from car accidents in the forum states and Ford's activities in those states—marketing, selling, and servicing the same model of the cars involved in the wrecks—sufficiently supported personal jurisdiction in the state courts. The Court so held even though the plaintiffs bought the actual cars involved in the accidents in a different state from a third party. However, the Court emphasized that "Ford advertises and markets its vehicles in Montana and Minnesota, including the two models that allegedly malfunctioned in those States," and that "[a]part from sales, the company works hard to foster ongoing connections to its cars' owners." *Id*. at 1019. The Court concluded that "there is a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential

6

foundation' of specific jurisdiction.  *Id*. (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  The Court therefore reaffirmed the principle that a plaintiff's claims must "arise out of or relate to the defendant's contacts" with the forum, emphasizing the relationship among the defendant and its products, the injured customers, and the forum state.  *Id*. at 1025.  Because of the previously discussed dearth of evidence that LG Chem America's contacts with Missouri relate to Williams's claims, *Ford* and applicable Supreme Court personal-jurisdiction precedent require this Court to dismiss LG Chem America.

      The fourth factor requires the Court to consider the interest of Missouri in providing a forum to its residents.  Here, Williams resides in Missouri, purchased the batteries in Missouri, and the batteries injured him in Missouri.  The fifth factor requires the Court to consider the convenience or inconvenience to the parties.  Here, Williams lives in the forum, the injuries occurred in the forum, and the fact witnesses likely live in or near the forum.

      Looking at "all the factors" and considering "the totality of the circumstances," the Court concludes that exercising personal jurisdiction over LG Chem America would not comport with due process.  *Johnson*, 614 F.3d at 794.  If Williams wished for his claims against LG Chem America to proceed, he was required to put on at least some evidence that contradicted the affidavits submitted by LG Chem America.  *See Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 311 (8th Cir. 1982) ("While the facts adduced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist. . .").  Because Williams has failed to present any evidence showing that his claims arise out of or relate to LG Chem America's contacts with Missouri, the Court concludes that it cannot exercise specific personal jurisdiction over LG Chem America.

**IV.      Conclusion**

Because Williams fails to make a prima facie case that personal jurisdiction over LG Chem America exists, the Court grants LG Chem America's [5] Motion to Dismiss for Lack of Jurisdiction. Further, the Court directs Williams to promptly comply with the Court's prior order regarding service of LG Chem, Ltd. *See* Doc. 13.

So Ordered this 23rd day of December 2021.

                                           *SLR.CR*
                                      STEPHEN R. CLARK
                                      UNITED STATES DISTRICT JUDGE