**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT A. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  4:21-CV-966-SRC** |
| | ) | |
| **v.** | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| **LG CHEM, LTD. and LG CHEM** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT LG CHEM, LTD.'S
RULE 60(b) MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, AMEND AND
<u>CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)</u>**

Defendant LG Chem, Ltd. ("LG Chem"), by and through undersigned counsel, and pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1292(b), respectfully submits this Memorandum in Support of its Motion to Reconsider or, in the alternative, to Amend and Certify the Court's March 24, 2022 Order for interlocutory appeal.

## BACKGROUND

Plaintiff alleges that he was injured on August 7, 2018, when two lithium-ion batteries he purchased from Vapor Wize LLC for use as replaceable batteries with his electronic cigarette device allegedly exploded in his pants pocket.  (Plf.'s Complaint (Compl.), ¶¶ 1, 42–43 [ECF No. 1].)  Plaintiff alleges that LG Chem was the manufacturer of the cells.

LG Chem moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction, showing that Plaintiff could not meet his burden of proving either general or specific jurisdiction over LG Chem because LG Chem was not "at home" in Missouri (which Plaintiff conceded) and because LG Chem did not serve a consumer market for standalone 18650 batteries in Missouri.  On March 24, 2022, the Court denied LG Chem's Motion to Dismiss, concluding that Plaintiff's unrebutted

allegations were sufficient to support the conclusion that a hypothetical supply-chain existed within the State of Missouri whereby LG Chem could have supplied 18650 lithium-ion cells to an intermediary in Missouri who then supplied the cells to the retailer that supplied the cells to the plaintiff as standalone batteries.

LG Chem respectfully submits that the Court's conclusion rested on a misapprehension of facts and is inconsistent with both constitutional due process and Missouri's long-arm statute.

Therefore, and for the reasons that follow, LG Chem respectfully requests that the Court reconsider its Order dated March 24, 2022 Order and instead dismiss LG Chem from this action for lack of personal jurisdiction.

In the alternative, LG Chem respectfully requests that the Court amend its March 24, 2022 Order to certify the decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

LG Chem respectfully requests a hearing on this Motion.

## STATEMENT OF FACTS

Plaintiff alleges that he was injured on August 7, 2018, when two lithium-ion batteries he purchased from Vapor Wize LLC for use as replaceable batteries with his electronic cigarette device allegedly exploded in his pants pocket.  (Plf.'s Complaint (Compl.), ¶¶ 1, 42–43 [ECF No. 1].)  Plaintiff alleges that LG Chem was the manufacturer of the battery cells at issue.

LG Chem's admissible evidence establishes that it did not direct (i.e., did not supply, sell, ship, distribute, or otherwise provide) 18650 lithium-ion cells to a consumer market in Missouri (or anywhere) for standalone 18650 batteries and did not advertise its 18650 cells to a consumer market in Missouri (or anywhere) for standalone batteries.  Instead, LG Chem sold its 18650 lithium-ion cells only to sophisticated customers who knew the cells were to be packed with protective circuitry and embedded in electronic devices (such as laptop computers, e-bikes, or

2

power drills) where consumers would not access or handle the 18650 cells and were not intended for sale to or use by consumers as standalone, replaceable batteries.

None of LG Chem's customers were authorized to distribute the cells to anyone engaged in the business of supplying 18650 cells to consumers as standalone, replaceable batteries, and LG Chem is not aware of any instance where it shipped 18650 lithium-ion cells to someone in Missouri who then re-directed the cells to a vape store in Missouri.

**ARGUMENT**

**I.  Reservation of Rights.**

On March 24, 2022, the Court entered a scheduling Order with immediate deadlines, beginning with a deadline of April 1, 2022 to submit a joint proposed scheduling order.  (ECF No. 38.)

LG Chem's counsel met with Plaintiff's counsel on March 30, 2022 to confer on a joint scheduling order.  During that conferral, Plaintiff's counsel took the position that, by participating in the defense of this action, LG Chem would waive its personal jurisdiction defense.  In taking that position, Plaintiff appears to be suggesting that LG Chem must defy this Court's Orders in order to preserve its personal jurisdiction defense for appeal.

LG Chem respectfully submits that Plaintiff's position is unsupported by any legal authority and directly contrary to governing law.  The cases Plaintiff relies on are inapposite.  *See TLC Vision (USA) Corp. v. Freeman*, No. 4:12cv01855ERW, 2013 WL 230254, at *5 (E.D. Mo. Jan. 22, 2013) (finding waiver where defendant "addressed the merits of the action" – by challenging the plaintiff's motion for a temporary restraining order, appearing at the TRO hearing, serving discovery requests, moving to increase the bond set by the court, and asking the court to reconsider its order granting the TRO – prior to filing its motion to dismiss for lack of personal

jurisdiction); *In re Veroblue Farms USA, Inc.*, No. AP 19-09015, 2020 WL 5988200, at *7 (Bankr. N.D. Iowa Oct. 7, 2020) (finding waiver where the defendant "spent over a year litigating and moving forward in this Court before filing the instant Motion to Dismiss.")

Instead, and as this Court has already recognized, Plaintiff has the burden of proof on the issue of jurisdiction and still must establish by a preponderance of the evidence that the Missouri long-arm statute and constitutional due process are satisfied. (ECF No. 37 at 11) ("Williams continues to 'bear[] the burden of proof on the issue of personal jurisdiction, and must establish jurisdiction by a preponderance of the evidence at trial . . . .' ") (citing *Creative Calling Sols., Inc. v. LF Beauty Ltd.,* 799 F.3d 975, 979 (8th Cir. 2015)); *see also Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003) (plaintiff always has burden of proof to establish personal jurisdiction and must prove by a preponderance of the evidence at trial or in evidentiary hearing before trial); *InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 903 F.3d 896, 899 (9th Cir. 2018) ("A defendant that timely asserts that the district court lacks personal jurisdiction and litigates the issue to an adverse decision from the district court does not waive the personal jurisdiction defense by vigorously litigating defenses to the merits[.]").

## II. The Court should reconsider its Order denying LG Chem's Motion to Dismiss.

The Eighth Circuit "construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2017)) (citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). Rule 60(b) empowers courts to relieve a party from an order for several specific reasons and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1)–(6), and motions for reconsideration pursuant to this rule allow courts to "correct manifest errors of law or fact." *Arnold v. ADT Security Servs.*, 627 F.3d 716, 721 (8th Cir. 2020). An error of law is "necessarily an abuse of discretion." *City of*

*Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013). Here, LG Chem respectfully submits that reconsideration is appropriate to correct errors of facts and law.

### A.  The Court's Order was based on errors of fact.

The Court concluded that "Williams plausibly alleges that LG Chem advertised its products in Missouri and shipped 'huge quantities' of 18650 lithium ion batteries into Missouri."  (ECF No. 37 at 6.)  The Court accepted these allegations as true, finding that LG Chem's admissible evidence that it did not sell or ship any 18650 lithium-ion cells to anyone in Missouri in the three years preceding Plaintiff's incident did not controvert the allegation.  *Id.*  The Court also found that LG Chem's admissible evidence did not rule out LG Chem's service of a consumer market for standalone batteries through advertising or a hypothetical supply-chain.  *Id.* at 6, 8.

In his Complaint, Plaintiff made conclusory and broadly worded statements in an apparent attempt to disguise the fact that Plaintiff has no evidence to support his allegation that LG Chem provided 18650 lithium-ion cells to distributors and/or consumers in Missouri or to support a hypothetical conclusion that LG Chem might have shipped 18650 lithium-ion cells to someone in Missouri who then forwarded the cells on to the vape store that sold the batteries to the Plaintiff.

LG Chem has been in existence since 1947 and manufactured 18650 lithium-ion battery cells from 1999 until the 2020 spin-off of its battery division.  It also manufactured many other types of lithium-ion battery cells and lithium-ion battery products during that time period.  Plaintiff alleged generally that LG Chem shipped tens of thousands of "lithium ion batteries" into Missouri. The non-specific term "lithium ion batteries" encompasses a wide variety of products, which would include battery cells and related products of all sizes, capacities, and uses, such as battery cells the size and shape of a purse or briefcase, which can be joined together in battery systems the

5

size of an office desk to power electric vehicles, such as cars and buses.  These other types of "lithium ion batteries" are not at issue in this case.

Therefore, in reply to an assertion raised in Plaintiff's opposition brief, LG Chem's evidence was precise and specific in order to avoid the possibility of creating any misimpression by using broad language that could be misinterpreted, which is what Plaintiff did in his Complaint. LG Chem's admissible evidence that **it did not sell or ship any 18650 lithium-ion cells to anyone in Missouri in the three years prior to Plaintiff's incident** directly contradicts the specific factual finding that served as the foundation for the Court's decision that LG Chem *might have* shipped the 18650 cells at issue in the case directly to someone in Missouri who might have then re-directed it to the vape store.  LG Chem's admissible evidence filed with its Motion also established that the batteries at issue in this case can only have arrived in Missouri as the result of the unilateral actions of third parties, and not as the result of any action LG Chem directed to Missouri, which was precisely the basis for the Missouri Supreme Court's decision in *McLaughlin*. *See State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899, 903–04 (Mo. 2020). [1]

Notably, when LG Chem introduced evidence that it did not sell or ship any 18650 cells to anyone in Missouri in the three years prior to Plaintiff's incident, Plaintiff offered no evidence to support his unfounded assertion.  Plaintiff also did not offer any evidence to support the inference that LG Chem shipped the 18650 cells to someone in Missouri who then re-directed the cells to a retail vape store in Missouri. Instead, Plaintiff asked the Court to strike the evidence, or for leave

---

[1] *See also Richter v. LG Chem, Ltd*., No. 18-cv-50360, 2020 WL 5878017 (N.D. Ill. Oct. 2, 2020) (finding, after conducting an evidentiary hearing, that "Plaintiff Richter adduced no competent evidence establishing any relationship between LG Chem and the companies from which [an alleged distributor of vaping equipment] purchased the HG2 18650 batteries.")

to conduct jurisdictional discovery, or for leave to file a supplemental brief making a different legal argument.[2]

**B.  The Court's Order was based on errors of law.**

The Court concluded that "Williams plausibly alleges that LG Chem advertised its products in Missouri and shipped 'huge quantities' of 18650 lithium-ion batteries in Missouri."  (ECF No. 37 at 6.)  The Order depends on this factual finding to support the conclusion that constitutional due process was satisfied and that Missouri's long-arm statute was satisfied.

LG Chem respectfully submits that the facts do not support the conclusion that Plaintiff's claims "arise out of or relate to" any contacts LG Chem formed with Missouri as required to satisfy constitutional due process, which was the basis for the Missouri Supreme Court's decision that personal jurisdiction was lacking in *McLaughlin*.

In addition, the Missouri long-arm analysis is not co-extensive with constitutional due process, and LG Chem also respectfully submits that the facts do not support the conclusion that Plaintiff's claims "arise from" any conduct LG Chem directed to Missouri.

Missouri's long-arm statute provides that "[o]nly causes of action <u>arising from</u> acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section."  Mo. Rev. Stat. § 506.500.3 (emphasis added); *see also Carney v. Guerbet, LLC*, No. 4:18-CV-1494 CAS, 2018 WL 6524003, at *2 (E.D. Mo. Dec. 12,

---

[2] Notably, Plaintiff is proceeding with a parallel lawsuit in state court, where he initially sued LG Chem, filed no opposition to LG Chem's Motion to Dismiss, then voluntarily dismissed LG Chem from that action shortly after the Missouri Supreme Court's decision in *McLaughlin*.  If discovery in that case had yielded any information to support the conclusion that LG Chem directed 18650 lithium-ion cells to anyone in Missouri that then supplied the batteries to the vape store that sold the batteries to Plaintiff (which it could not have, because it simply is not true), then Plaintiff has had multiple opportunities to present that information to this Court.  Instead, Plaintiff relied exclusively on the allegations of his complaint and did not provide a single exhibit or admissible evidence to substantiate his allegations in opposition to LG Chem's Motion to Dismiss.

2018) ("In all instances, the long-arm statute requires that the cause of action arise from the doing of the enumerated act.") (emphasis added); *Rotogravure, LLC v. Holland Sw. Int'l, Inc.*, No. 4:20-CV-1755 RLW, 2021 WL 3186534, at *3 (E.D. Mo. July 28, 2021) ("In Missouri, specific personal jurisdiction is authorized only to the extent that 'the [cause of] action arose out of an activity covered by [Missouri's] long-arm statute.'") (brackets in original) (emphasis added) (citation omitted)).

In its Motion to Dismiss, LG Chem showed that Plaintiff's claims against LG Chem do not "aris[e] from" any conduct that fits into any of the enumerated bases listed in the long-arm statute. (ECF No. 23-1 at 8–10, ECF No. 30 at 3–4.) Plaintiff did not respond, except to argue (incorrectly) that the Missouri long-arm analysis was co-extensive with due process.  The Court then held that Missouri's long-arm statute was satisfied, citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227 (Mo. 2010) and concluding that "[w]ith his allegations of injury, Williams makes a prima facie case that LG Chem's alleged acts produced consequences in Missouri."  (ECF No. 37 at 11.)

*Bryant* does not support the proposition that a foreign manufacturer can be haled into court in Missouri under the long-arm statute based solely on unsupported allegations that the foreign manufacturer manufactured an allegedly defective product and "sold the same product in the state," when not a single fact connects the manufacturer to the plaintiff's purchase and use of the product in Missouri.  Instead, in *Bryant*, the plaintiff alleged that the defendants sent false and misleading documents directly to him in Missouri and misrepresented or concealed information in subsequent contacts to the plaintiff in Missouri by telephone, e-mail, and letter.  *Id.* at 232.  And in its more recent decision in *State ex rel. PPG Industries, Inc. v. McShane*, 560 S.W.3d 888 (Mo. 2018), the Missouri Supreme Court expressly rejected the notion that allegations that the plaintiff

suffered consequences in the state based solely on actions taken outside the state could satisfy the long-arm statute. *Id.* at 891. Instead, the Missouri Supreme Court reiterated that the plaintiff's claims must arise from some conduct the defendant directed to Missouri specifically, which is not the case here.

Plaintiff did not limit the conclusory allegations of his complaint to any particular time period, but it is axiomatic that events occurring after the Plaintiff's incident could not possibly give rise to Plaintiff's claims, as required by Missouri's long-arm statute. Therefore, the fact that LG Chem did not ship or sell any 18650 lithium cells to **anyone** in Missouri for the three years prior to the alleged incident (August 7, 2015 – August 7, 2018) forecloses the possibility that the batteries at issue in the case came to Missouri through a hypothetical supply-chain whereby LG Chem hypothetically shipped the 18650 cells to someone else in Missouri who then re-directed the cells to a retail vape store.

### III. In the Alternative, LG Chem asks the Court to certify its Order for interlocutory appeal.

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b) when the order: (1) "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; *see also Emerson Elec. Co. v. Yeo*, No. 4:12cv1578 JAR, 2013 WL 440578, at \*2 (E.D. Mo. Feb. 5, 2013). If the district court's original order does not certify the order for interlocutory appeal, "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3). LG Chem respectfully requests that the Court amend and certify its March 24, 2022 Order for interlocutory appeal because the Order satisfies all three prerequisites set forth in § 1292(b).

**First**, it is well-established in this Circuit that the "controlling question of law" standard is satisfied if resolution of the issue on appeal could "materially affect the outcome of the litigation in the district court." *Emerson Elec.*, 2013 WL 440578, at *2.  In this case the order being appealed is a denial of the defendant's motion to dismiss for lack of personal jurisdiction.  This is indisputably a controlling question of law.

**Second**, substantial grounds for a difference of opinion exists.  Courts may find a substantial ground for a difference of opinion when: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions"; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question. *Emerson*, 2013 WL 440578, at *2.  Here, the fact that the Missouri Supreme Court reached the opposite conclusion from this Court on the question of due process in a case involving materially indistinguishable facts alone creates a substantial ground for difference of opinion.

In addition, numerous federal courts in other circuits (and state appellate courts) have concluded that constitutional due process is not satisfied by the exercise of personal jurisdiction over LG Chem in cases involving materially indistinguishable facts, including several post-*Ford* appellate court decisions.  *See, e.g.*, *Kadow v. LG Chem, Ltd*., No. B309854, 2021 WL 5935657 (Cal. Ct. App. Dec. 16, 2021), *review denied* (Mar. 30, 2022) (affirming dismissal of LG Chem for lack of personal jurisdiction in California despite sales of 18650 cells into the forum state in the three years preceding the plaintiff's injury because those sales were not sufficiently related to the plaintiff's claims to satisfy due process); *Miller v. LG Chem, Ltd. et al*., 2022-NCCOA-55, ¶ 36, 868 S.E.2d 896 (N.C. Ct. App. Feb. 1, 2022) (contrasting *Ford* because "LG Chem never advertised, sold, or distributed any lithium-ion cells to anyone for sale to individual consumers for

use as standalone, removable batteries for the devices Plaintiff purchased"); *LG Chem, Ltd. v. Granger*, No. 14-19-00814-cv, 2021 WL 2153761, at *5 (Tex. App. May 27, 2021) (finding personal jurisdiction lacking, post-*Ford*, despite finding that LG Chem shipped 18650 lithium-ion batteries to a power tool company in Texas and rejecting the plaintiff's contention that the defendant's sale of the same product generally in the state was enough of a connection to satisfy due process); *see also e.g.*, *Bullock v. Otto Imports, LLC et al.*, No. 4:19-cv-149, 2022 WL 949914 (W.D. Ky. Mar. 29, 2022); *Reyes v. Freedom Smokes, Inc.*, No. 5:19-cv-2695, 2020 WL 1677480, at *6 (N.D. Ohio Apr. 6, 2020); *Death v. Mabry*, Case No. C18-5444 RBL, 2018 WL 6571148 (W.D. Wash. Dec. 13, 2018).

In the *Tieszen* case (on which Plaintiff heavily relied in his Opposition to LG Chem's Motion to Dismiss) the district court **granted** LG Chem's request for certification pursuant to 28 U.S.C. §1292(b), after concluding that "*Ford* was decided on March 25, 2021, and there is limited precedent in the Eighth Circuit interpreting its holding. The court finds that the issue presented in this case is one not substantially guided by previous decisions, and thus, is one where there is a substantial ground for difference of opinion." *Tieszen v. eBay, Inc.,* No. 4:21-cv-04002-KES, 2022 WL 79820, at *2 (D.S.D. Jan. 6, 2022).  This remains the case today.[3]

---

[3] Undersigned counsel is aware of only two Eighth Circuit decisions that cite *Ford,* and neither addresses personal jurisdiction in the products liability context.  *See Vallone v. CJS Sols. Grp.*, LLC, 9 F.4th 861 (8th Cir. 2021); *Kaliannan v. Liang*, 2 F.4th 727 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 758 (2022).  In addition, undersigned counsel is aware of only eight decisions by federal courts in Missouri citing *Ford*, of which only four involve personal jurisdiction in products liability cases, and of those, three involve LG Chem, Ltd. and/or LG Chem America, Inc. (two of which are Orders issued by this Court in this case.) *See also*, *Eisenhauer v. LG Chem, Ltd.*, No. 4:21-cv-964 RLW, 2022 WL 123783, at *4 (E.D. Mo. Jan. 13, 2022) (White, J.);  *Kostedt v. C.R. Bard, Inc.*, No. 4:21-cv-671 RLW, 2022 WL 292963, at *3 (E.D. Mo. Feb. 1, 2022) (White, J.) (finding personal jurisdiction lacking over defendant, including claims asserted by Missouri residents, where the plaintiffs did not allege facts establishing a connection between the defendant's sale of the same product in Missouri and their injuries even though the plaintiffs alleged the defendant sold the same product in Missouri).

LG Chem recognizes that the Eighth Circuit denied LG Chem's petition for leave to appeal in *Tieszen*.  However here, unlike in *Tieszen*, the order at issue conflicts with a decision rendered by the forum state's highest court in a case involving materially indistinguishable facts.  Plaintiff argued here that *State ex rel. LG Chem, Ltd. v. McLaughlin* was irrelevant because (according to Plaintiff) under *Ford*, "[a]ll that matters is that the defendant sold the same product in the state, and the product caused an injury in the state to a resident of the state."  (ECF No. 27 at 2.)  That interpretation (adopted by this Court) is squarely at odds with the Supreme Court's express holding in *Ford*, and an appeal would give the Eighth Circuit the opportunity to consider and give meaning to the Supreme Court's statement that the outcome in *Ford*  "does not mean anything goes."  141 S. Ct. at 1026.  Instead, the phrase "relate to" has "real limits," *id.*, and the plaintiff must show not only that the defendant sold the same product in the state but also that his claims "arise out of or relate to" those sales, which is missing here.

As a California Court of Appeal recently concluded in a case where LG Chem supplied 18650 lithium-ion cells to sophisticated customers in the forum state in the three years preceding the plaintiff's incident, "[u]nder [the plaintiff's] reading of the case, personal jurisdiction over a consumer's product liability claim would potentially be proper in any and all jurisdictions that are part of that product's global supply chain. Yet this sweeping theory of specific jurisdiction would run afoul of *Ford Motor Co*. because the theory would eviscerate the "real limits" imposed by the relatedness prong . . . ."  *Kadow*, 2021 WL 5935657, at *7–8 (concluding that the plaintiff had "not demonstrated that his claims against LG Chem are sufficiently related to its forum contacts to give rise to specific jurisdiction" in California and affirming the dismissal of LG Chem).

**Third**, certification will materially advance the termination of the litigation.  This is not a case where "litigation will be conducted in substantially the same manner regardless of the Eighth

Circuit's decision." *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994). If the Eighth Circuit accepts review and determines that Plaintiff did not carry his burden of demonstrating that personal jurisdiction can be exercised over LG Chem, the entire case will be over, as there are no other defendants remaining in the case.

## CONCLUSION

For the foregoing reasons, Defendant LG Chem respectfully requests that the Court reconsider its Order dated March 24, 2022 and instead dismiss LG Chem for lack of personal jurisdiction. In the alternative, LG Chem respectfully requests that this Court amend and certify its March 24, 2022 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) by including the following language:

> The Court is of the opinion that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order as authorized by 28 U.S.C. § 1292(b) may materially advance the ultimate termination of this litigation.

LG Chem respectfully requests a hearing on this Motion.

Dated this 1st day of April, 2022.

/s/ Brian R. Plegge
Brian R. Plegge, #32500 (MO)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
Saint Louis, Missouri 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
bplegge@bjpc.com

/s/ Rachel Hedley
Rachel Atkin Hedley, #16941 (SC)
NELSON MULLINS RILEY &
SCARBOROUGH
1320 Main Street, Suite 1700
Columbia, SC 29201
Phone: (803) 255-5565
Fax: (803) 256-7500
rachel.hedley@nelsonmullins.com

*Attorneys for Defendant LG Chem, Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT LG CHEM, LTD.'S RULE 60(b) MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, AMEND AND CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** was served on counsel of record by the Court's electronic filing system on this 1st day of April, 2022.

*/s/ Brian Plegge*
Brian R. Plegge
