UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. WILLIAMS, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | )   Case No.  4:21-cv-00966-SRC |
| | ) |
| LG CHEM, LTD. | ) |
| | ) |
| Defendant(s). | ) |

## Order

LG Chem, Ltd. moves for reconsideration of the Court's decision to deny LG Chem's motion to dismiss for lack of personal jurisdiction, *see* Doc. 37; *Williams v. LG Chem, Ltd.*, No. 4:21-cv-966, 2022 WL 873366 (E.D. Mo. Mar. 24, 2022), or, in the alternative, for an order certifying the Court's prior order for interlocutory appeal.  LG Chem bases its motion on the Court's "misapprehension of facts" and the "inconsisten[cy]" of the Court's legal conclusions with the Constitution and Missouri law.  Doc. 40; Doc. 40-1.  Because, in reality, LG Chem misreads the Court's prior order, the Court denies the motion.

**I.      Motion for reconsideration**

The Court "construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure."  *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[M]otions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003))).  Rule 60(b) provides in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief." "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). However, a motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990. If a party does no more than present the same argument a second time, that "ground alone is sufficient" to deny the motion. *Id.*

LG Chem first argues that the Court based its order denying its motion to dismiss on errors of fact. LG Chem says its evidence indicating that "it did not sell or ship any 18650 lithium-ion cells to anyone in Missouri in the three years prior to Plaintiff's incident directly contradicts the specific factual finding that served as the foundation for the Court's decision that LG Chem *might have* shipped the 18650 cells at issue in the case directly to someone in Missouri who might have then re-directed it to the vape store." Doc. 40-1 at p. 6. LG Chem further argues that the Court overlooked the evidence "establish[ing] that the batteries at issue in this case can only have arrived in Missouri as the result of the unilateral actions of third parties, and not as the result of any action LG Chem directed to Missouri. . . ." *Id.*

In its order, the Court addressed these contentions. The Court found indecisive LG Chem's evidence that "it did not sell or ship any 18650 lithium-ion cells to anyone in Missouri in the three years prior to Plaintiff's incident," Doc. 40-1 at p. 6, because the evidence "only targets a limited time period and does not contradict Williams's assertions" that LG Chem "ship[s] huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri." Doc. 27 at pp. 5–6 (quoting Doc. 1 at ¶ 10). In other words, the Court could not rule out the possibility that LG Chem's relevant Missouri contacts occurred more than three years before

2

Williams suffered his alleged injuries. The Court also addressed LG Chem's argument that the evidence "established that the batteries at issue in this case can only have arrived in Missouri as the result of the unilateral actions of third parties." Doc. 40-1 at p. 6. In its order, the Court rejected that position because "Williams alleges direct contacts between LG Chem and Missouri" which LG Chem's evidence does not refute. Doc. 37 at p. 9. Thus, LG Chem simply "disagree[s] with the Court's interpretation of the law and facts," but this cannot serve as the basis for a motion for reconsideration. *Germain Real Est. Co., LLC v. HCH Toyota, LLC*, No. 5:13-cv-5069, 2013 WL 5597157, at *2 (W.D. Ark. Oct. 11, 2013) (discussing motion for reconsideration brought under both Rules 59(e) and 60(b)).

LG Chem next argues that the Court based its order denying its motion to dismiss on errors of law. LG Chem contends that the evidence before the Court does not support the conclusion that Williams's "claims 'arise out of or relate to' any contacts LG Chem formed with Missouri as required to satisfy constitutional due process" as well as the conclusion that Williams's "claims 'arise from' any conduct LG Chem directed to Missouri," such that the conduct satisfies Missouri's long-arm statute. Doc. 40-1 at p. 7. LG Chem believes that "the fact that LG Chem did not ship or sell any 18650 lithium cells to anyone in Missouri for the three years prior to the alleged incident (August 7, 2015 – August 7, 2018) forecloses the possibility that the batteries at issue in the case came to Missouri through a hypothetical supply-chain whereby LG Chem hypothetically shipped the 18650 cells to someone else in Missouri. . . ." *Id.* at p. 9.

Again, the Court already considered, and rejected, these exact arguments. In its order, the Court explicitly concluded that "Williams's prima facie case does not rely on LG Chem's 'relationship with . . . third part[ies]," and that Williams satisfies both the due-process and long-

3

arm-statute prerequisites.  Doc. 37 at p. 9.  Further, LG Chem correctly identifies that the "Court concluded that 'Williams plausibly alleges that LG Chem advertised its products in Missouri and shipped huge quantities of 18650 lithium-ion batteries in Missouri.'  The Order depends on this factual finding to support the conclusion that constitutional due process was satisfied and that Missouri's long-arm statute was satisfied."  Doc. 40-1 at p. 7 (quoting Doc. 37 at p. 6).  To be sure, LG Chem disagrees with the Court's determination.  *See* Doc. 40-1 at p. 2 ("LG Chem respectfully submits that the Court's conclusion rested on a misapprehension of facts and is inconsistent with both constitutional due process and Missouri's long-arm statute.").  But despite this disagreement, "[LG Chem] fail[s] to point to any evidence or legal argument overlooked by the Court in its prior order to demonstrate a manifest error of law or fact."  *Jones v. United States*, No. 4:14-cv-889, 2015 WL 5970496, at *1 (W.D. Mo. Oct. 13, 2015) (addressing Fed. R. Civ. P. 59(e)'s similar standard).  Because LG Chem's motion for reconsideration misapprehends the Court's original order and "simpl[y] reargue[s] . . . the merits," the Court denies it.  *See Broadway*, 193 F.3d at 990.

## II.    Motion to certify an interlocutory appeal

LG Chem alternatively moves the Court to amend its prior order and certify it for interlocutory appeal.  Under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."  Motions to certify "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White v. Nix*, 43 F.3d 374, 376 (8th

4

Cir. 1994). Moreover, "[t]he requirements of § 1292(b) are jurisdictional," *id.*, "if the case does not present circumstances satisfying the statutory prerequisites for granting certification, this court cannot allow the appeal," *Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citing *White*, 43 F.3d at 376).

As to the first requirement, the Court's prior order does not "involve[e] a controlling question of law." § 1292(b). A "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . ." *Ahrenholz v. Bd. of Trustees of Uni. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) (Posner, J.) (citing *S.B.L. by T.B. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996)); *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) ("To be a pure question of law for purposes of § 1292(b), an issue must be 'an abstract legal issue.'" (citation omitted)); *see also In re Dicamba Herbicides Litig.*, No. 1:18-md-2820, 2018 WL 3619509, at *4–6 (E.D. Mo. July 30, 2018).

LG Chem believes it satisfies this requirement because an appeal "could 'materially affect the outcome of the litigation in the district court.'" Doc. 40-1 at p. 10 (quoting *Emerson Elec. Co. v. Yeo*, No. 4:12-cv-1578, 2013 WL 440578, at *2 (E.D. Mo. Feb. 5, 2013)); Doc. 55 at p. 9 (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)). But the cases on which this argument relies merely define what it means for a question of law to be "controlling." Unlike the cases cited in the preceding paragraph, neither case cited by LG Chem undertook to define the phrase "question of law." *See Emerson*, 2013 WL 440578, at *2; *Klinghoffer*, 921 F.2d at 24 ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."). Because LG Chem fails to identify a "pure question of law," *Mamani*, 825 F.3d at 1312, like "the meaning of a statutory or constitutional provision, regulation, or

5

common law doctrine," *Ahrenholz*, 219 F.3d at 676, presented by the Court's prior order, LG Chem fails to satisfy the first statutory requirement.

Second, even if a controlling question of law were at hand, LG Chem has not established that there exists a "substantial ground for difference of opinion" on the Court's decision. § 1292(b). LG Chem argues that the Court's decision to deny its motion to dismiss conflicts with a decision of the Missouri Supreme Court and several other courts. "While identification of 'a sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement," *Union County*, 525 F.3d at 647 (quoting *White*, 43 F.3d at 378), the cases cited by LG Chem neither conflict nor contradict the Court's prior order. For example, the Court previously distinguished the facts of this case and the facts faced by the Missouri Supreme Court in *State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899 (Mo. 2020). Doc. 37 at pp. 7–8. The Court's prior order also does not conflict with *Durham v. LG Chem, Ltd.*, No. 1:20-cv-2737, 2021 WL 1573899 (N.D. Ga. Apr. 22, 2021), an opinion denying a motion to transfer claims against LG Chem to federal court in Missouri because, unlike Williams, the plaintiffs "utterly failed" to carry their burden to show that a federal court in Missouri could exercise personal jurisdiction over LG Chem, *id.* at *7. The court in *Durham* had no choice but to deny the plaintiffs' motion; the plaintiffs "failed to present any evidence or even make factual allegations showing that the various transferee courts can exercise personal jurisdiction over LG Chem." *Id.*

LG Chem's citation to other authorities likewise falls flat. Unlike the case before the Court, in each case LG Chem cites either the plaintiff did not allege that LG Chem itself shipped 18650 lithium-ion batteries into the state, *see* Doc. 40-1 at p. 11 (citing *Bullock v. Otto Imports, LLC*, No. 4:19-cv-149, 2022 WL 949914 (W.D. Ky. Mar. 29, 2022); *Reyes v. Freedom Smokes, Inc.*, No. 5:19-cv-2695, 2020 WL 1677480 (N.D. Ohio Apr. 6, 2020); and *Death v. Mabry*, No.

6

C18-5444, 2018 WL 6571148 (W.D. Wash. Dec. 13, 2018)), or LG Chem established that it never served a consumer market for standalone batteries in the state, *see* Doc. 40-1 at pp. 10–11 (citing *Kadow v. LG Chem, Ltd.*, No. B309854, 2021 WL 5935657 (Cal. Ct. App. Dec. 16, 2021) (unpublished); *Miller v. LG Chem, Ltd.*, 868 S.E.2d 896 (N.C. Ct. App. 2022); and *LG Chem, Ltd. v. Granger*, No. 14-19-814, 2021 WL 2153761 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.)). In the present matter, the Court relied on allegations relating to LG Chem's direct contacts with Missouri (as limited by LG Chem's declarations) and found that "LG Chem's declarations do not establish that 'LG Chem never served a consumer market for standalone, 18650 vaping batteries in Missouri.'" Doc. 37 at pp. 8–9 (quoting Doc. 23-1 at p. 9). LG Chem fails to establish a substantial ground for difference of opinion on the specific, primarily factual, questions previously before the Court. Indeed, LG Chem's carefully crafted declaration in this case serves to distinguish it from the cases on which it relies; this case involves an entirely different factual record, and the Court's original opinion turns on the factual record that LG Chem created, or perhaps more to the point, failed to create.

And third, while an immediate appeal from *any* order denying a motion to dismiss could hypothetically "advance the ultimate termination of the litigation," § 1292(b), LG Chem fails to show "that the case is an exceptional one in which immediate appeal is warranted," *White*, 43 F.3d at 376. Moreover, as just explained, the court's prior order does not meet two of the three jurisdictional prerequisites for interlocutory appeal under § 1292(b). Thus, the Court denies LG Chem's motion to certify its prior order for interlocutory appeal.

**III.     Conclusion**

The Court denies LG Chem's [40] motion for reconsideration or, in the alternative, to certify the Court's prior order for interlocutory appeal.  The Court denies LG Chem's request for oral argument as moot.  *Cf.* E.D. Mo. L.R. 4.02.

So Ordered this 12th day of May 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE