IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br>v. ) <br> ) <br>LG CHEM, LTD. and LG CHEM ) <br>AMERICA, INC., ) <br> ) <br> Defendants. ) | Case No.  4:21-CV-966-SRC<br><br>LG CHEM, LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL |

**Nature of the Dispute:**  Plaintiff served extensive, overbroad discovery for the stated purposes of jurisdiction and merits.  The jurisdictional issue depends on LG Chem's suit-related contacts with Missouri, but Plaintiff seeks discovery regarding LG Chem's worldwide business activities for 20 years. The merits involve product liability claims for a particular model of 18650 lithium-ion cell that Plaintiff refuses to identify.  Instead, Plaintiff seeks extensive testing and design information for each of the more than 60 different models of 18650s that LG Chem manufactured over 20 years. This discovery is not reasonably calculated to lead to the discovery of admissible evidence relevant to either the jurisdictional issue or the merits of his claims and is not proportional to the needs of the case as to either issue.  LG Chem attempted to negotiate a reasonable scope and remains willing to engage in further attempts to do so but cannot agree to produce every document in its possession related to the design, manufacture, sale, or distribution of every model 18650 lithium-ion cell sold anywhere in the world over twenty years.  Plaintiff's Motion should be denied.

**Attempts at Resolution:** LG Chem served its responses on July 1.  Three weeks later, Plaintiff's counsel (Mr. Simon) sent an email listing 8 issues for discussion. LG Chem's counsel (Ms. Foster Bird) responded by email that Plaintiff's responses to LG Chem's discovery were overdue and suggested conferring after Plaintiff had served responses.  Plaintiff agreed, then counsel (Mr. Simon, Mr. Plegge, Ms. Foster Bird, Ms. Hedley) held a two-hour videoconference on August 2.  LG Chem (Ms. Hedley) sent an email summary of issues discussed on August 5.  Plaintiff (Mr. Simon) responded by email on August 11 that Plaintiff did not think further discussions would be productive. Counsel (Mr. Simon and Ms. Hedley) held another videoconference on August 29 to discuss Plaintiff's 30(b)(6) notice (which the parties are still discussing).  Ms. Hedley encouraged further discussion. Plaintiff filed his Motion to Compel that afternoon.  Attached are LG Chem's supplemental discovery responses which reflect that LG Chem agreed to withdraw its objections to 3 requests (not at issue here) after discussion.  In the course of discussion concerning Plaintiff's 30(b)(6) notice, Mr. Simon offered to narrow the time period at issue from 14 years to 9 years, but Plaintiff still insists in the written discovery on 20 years.

**LG Chem's Legal Position:** The Court previously found a prima facie case of jurisdiction based on Plaintiff's allegation that LG Chem shipped "huge quantities of its batteries, including 18650 lithium-ion batteries, into and throughout Missouri."  Sufficient discovery has already been conducted to confirm that Plaintiff has no facts to support this contention and cannot possibly satisfy his burden of proof. LG Chem intends to renew its jurisdiction defense on that basis. *See, e.g., Hicks v. Assistant Atty. Gen. of Colorado*, No. 08-0362-CV-W-FJG, 2010 WL 5067611, (W.D. Mo. Dec. 6, 2010) (converting summary judgment motion into renewed motion to dismiss

after jurisdictional discovery revealed no evidence to support the allegations on which the court had relied initially to deny the defendant's motion to dismiss).

LG Chem has not "unilaterally limited" the time period or any other issue.  LG Chem has properly objected to the overbreadth of Plaintiff's discovery and attempted to negotiate a reasonable scope.  As to time, for example, LG Chem objected that 20 years was irrelevant, unduly burdensome, and patently unreasonable and attempted to negotiate. Plaintiff refused, even though Plaintiff agreed in discussions concerning the 30(b)(6) notice to a time period of 9 years (2013-present).  As to the specific requests raised in Plaintiff's Motion to Compel:

Sales/Distribution/Marketing Information (ROGS 2, 5, 10, 15; RFPs 9, 35, 56, 57): LG Chem identified all sales of any type of lithium ion battery to Missouri and invoices documenting shipments of 18650 cells to Missouri from 2012 until 2018 incident. LG Chem also produced invoices documenting every sale or shipment of 18650 cells to its U.S. based distributors for the four years preceding the incident.  Plaintiff's request for similar information worldwide for an indefinite time period is unreasonable, disproportional, not reasonably calculated to lead to the discovery of admissible evidence. For ROG 10, LG Chem identified the types of finished products U.S. customers manufactured that incorporated the model cells at issue.  For ROG 15, RFP 56, 57, Plaintiff's statement that LG Chem did not provide the information sought is simply inaccurate.

Other Incidents (ROG 8): LG Chem produced Complaints in U.S. lawsuits arising from the misuse of 18650 cells as standalone batteries with vaping devices. Plaintiff demands "all incidents" regardless of circumstances. Plaintiff has failed to explain how these would be relevant, so his request should be denied. *E.g.*, *McMahon v. Bosch*, 2019WL4141027 (denying motion to compel where plaintiff failed to explain relevance of incidents involving other types of saw handles).

Internal Correspondence (RFP 13): Plaintiff seeks "all internal correspondence" on the overly broad  topic of "the issue of exploding lithium-ion batteries in e-cigarettes" and demands a privilege log, despite that the request intentionally calls for privileged information prepared in the course of active litigation. Such requests for "all" documents related to broad topics such as this are overbroad and unduly burdensome. *E.g.*, *Morley v. Square, Inc.*, 2016 WL 123118 (E.D. Mo. 2016). LG Chem attempted to discuss a more reasonable and targeted request, but Plaintiff refused.

Testing (ROG 8, RFP 26 & 32): After an inspection, LG Chem identified the three models potentially at issue and produced extensive information related to those model cells, including international standards and short-circuit tests for those models (MG1, MJ1, and MH1). Plaintiff refuses to identify the model cell he claims is at issue and demands every test for every 18650 model cell from 2012 to the present.  This is a textbook fishing expedition and would unduly burden LG Chem. *E.g.*, *Pandolfo v. Exactech, Inc.*, 2021WL2187910, *3 (E.D. Mo.) (recognizing "discovery has been denied where the predecessor models did not share pertinent characteristics with the products at issue.") (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992)).

LG Chem respectfully requests the opportunity to fully brief the issues and a hearing.

      Dated this 2nd day of September, 2022.

        */s/ Rachel Hedley*
        Rachel Atkin Hedley, #16941 (SC)
        NELSON MULLINS RILEY &
        SCARBOROUGH LLP
        1320 Main Street, Suite 1700
        Columbia, SC 29201
        Phone: (803) 255-5565
        Fax: (803) 256-7500
        rachel.hedley@nelsonmullins.com

        Melissa Foster Bird, #6588 (WV)
        NELSON MULLINS RILEY &
        SCARBOROUGH LLP
        949 Third Avenue, Suite 200
        Huntington, WV 25701
        Phone: (304) 526-3500
        Fax: (304) 526-3599
        melissa.fosterbird@nelsonmullins.com

        Brian R. Plegge, #32500 (MO)
        BROWN & JAMES, P.C.
        800 Market Street, Suite 1100
        Saint Louis, Missouri 63101
        Phone: (314) 421-3400
        Fax: (314) 421-3128
        bplegge@bjpc.com

        ***Attorneys for Defendant LG Chem, Ltd.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANT LG CHEM, LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** was served on counsel of record by the Court's electronic filing system on this 2nd day of September, 2022.

                                                          */s/ Rachel Hedley*
                                                        Rachel Atkin Hedley