# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT A. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.  4:21-CV-966-SRC** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LG CHEM, LTD., and LG CHEM** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANT LG CHEM, LTD.'S OBJECTIONS AND SUPPLEMENTAL RESPONSES
TO PLAINTIFF ROBERT A. WILLIAM'S FIRST SET OF REQUESTS FOR
PRODUCTION DIRECTED TO DEFENDANT LG CHEM, LTD.**

**PRELIMINARY STATEMENT**

Subject to and without waiver of its personal jurisdiction defense, LG Chem, Ltd. hereby provides the following objections and supplemental responses to Plaintiff's First Set of Requests for Production directed to Defendant LG Chem, Ltd.  LG Chem, Ltd.'s ("LG Chem") objection to these proceedings based on the Court's lack of personal jurisdiction over it is preserved, and each and every response asserted below is expressly made subject to that objection.

To the extent LG Chem's response to any specific request is limited based on an objection, its responses set forth below will expressly state that it is "subject to" that objection in response to each individual request.

**LG CHEM'S SPECIFIC OBJECTIONS AND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

1.     A full and complete copy of Defendant's document retention policy, electronic data storage policy, email retention policy, or any other document which describes or explains how documents generated in the ordinary course of its business are retained and stored.

**RESPONSE:**  LG Chem objects to this request because document retention, electronic data storage, and other policies are not relevant to any claim or defense.  LG Chem also objects to this request because it is not reasonably limited in time and seeks any "document which describes or explains how documents generated in the ordinary course of [LG Chem's] business are retained and stored" for a ten-year period. Responding to this request would require LG Chem to search for and produce any document that may in any way reference "how documents . . . are retained or stored[,]" which could be construed to seek anything from document-retention policies to user manuals for software applications. In light of this, LG Chem objects on the grounds that the request is irrelevant, overbroad, unduly burdensome and not proportional to the needs of the case.  For these same reasons, LG Chem objects because the request is vague, ambiguous, and fails to identify with reasonable particularity the documents that it seeks.

2.     A full and complete copy of any organization chart or company-wide directly depicting the divisions and employees of LG Chem, Ltd., and/or LG Energy Solution, Ltd., from 2014 to present.

**RESPONSE:** LG Chem refers Plaintiff to the publicly available information regarding LG Chem or LG Energy Solution, Ltd. ("LGES"), including its Consolidated Financial Statements. LG Chem has not identified an organizational chart that directly depicts all "divisions and employees" of LG Chem or LGES.
The foregoing response is subject to and without waiver of LG Chem's objection that the phrase "company-wide directly depicting" is vague, ambiguous, and unintelligible. LG Chem objects to the request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks for a copy of "any organization chart" depicting "the divisions and employees" of LG Chem or LGES because attempting to locate any such organizational chart would be unduly burdensome and not proportional to the needs of the case in light of publicly available information. LG Chem objects to this request because asking for a list of all employees seeks confidential and private information that is irrelevant to the case and highly sensitive, proprietary, and private information in a highly competitive industry. LG Chem also objects to the request as irrelevant to the extent it seeks information regarding LGES, which is not a party to the case.

3.     A full and complete copy of any document depicting the different locations across the world in which LG Chem, Ltd., or any subsidiary or sister company maintains a physical presence.

**RESPONSE:** LG Chem objects to this request as vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it is not clear what Plaintiff means by "maintains a physical presence," and the request seeks "any document" from January 2012 to the present that may in any way "depict[]" any location in the world where LG Chem or any "subsidiary or sister company" may "maintain[] a physical presence." This information is not relevant to any claim or defense, and attempting to identify "any document"

containing this information would impose an undue burden that is not proportional to the needs of the case.

      4.     A full and complete list of all persons or entities to whom LG Chem, Ltd., has sold

an 18650-battery from 2014 to present.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's distributor customers in the United States for any model LG 18650 lithium-ion battery cells for the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and (3) MG1, MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

     This response is subject to and without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the alleged incident in this case. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case. As a result, analyzing thousands of transactions to create a list of irrelevant purchasers of irrelevant 18650 models from 2014 to the present would be unduly burdensome, not proportional to the needs of the case, and inconsistent with Rule 34, which does not require a party to create documents, in this case, a list, in response to a request for production.

      5.     A full and complete list of all persons or entities through whom LG Chem, Ltd.,

has shipped an 18650-battery from 2014 to present.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's distributor customers in the United States for any model LG 18650 lithium-ion battery cells for the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and (3) MG1,

MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

This response is subject to and without waiver of LG Chem's objections that the phrase "through whom" is vague and ambiguous, and that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the alleged incident in this case. LG Chem sold numerous models of 18650 cells that are not relevant because they differed in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case. As a result, analyzing thousands of transactions to create a list of irrelevant persons or entities through whom LG Chem, Ltd., shipped any 18650 cells from 2014 to the present anywhere in the world would be unduly burdensome, not proportional to the needs of the case, and inconsistent with Rule 34, which does not require a party to create a document, in this case, a list, in response to a request for production.

6.     All written supply chain management standards or policies maintained by Defendant pertaining to lithium-ion batteries from 2014 to present.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce Product Specifications for the MG1, MJ1, and MH1 model 18650 lithium-ion battery cells, exemplar supply contracts, and exemplar Declarations of Commitment. *See* LGC (Williams, R) 009968-010163; LGC (Williams, R) 010518-010533.

This response is subject to and without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident.  LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells.  Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case.

7.     A full and complete copy of any declaration submitted by LG Chem, Ltd., or its counsel to any Court in the United States from 2014 to present.

**RESPONSE:**  LG Chem will produce a copy of sworn statements submitted by LG Chem in any Missouri state or federal case where a plaintiff claims injury from the use of an alleged LG 18650 lithium-ion battery cell as a standalone, replaceable battery with an e-cigarette device.  *See* LGC (Williams, R) 021558-021568; LGC (Williams, R) 021669-021721.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited by geography, time, or to cases involving similar products, facts, or circumstances. As a result, LG Chem would be required to review every litigation file in any case in which it has been involved in the United States since 2014 to determine if any contained a declaration submitted by LG Chem on any topic, regardless of relevance. For these reasons, the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case.

8.      A full and complete copy of all information or documents reviewed by Hwi Jae Lee to support the declaration submitted in this matter. [Doc. 30-1]

**RESPONSE:** Although not relied upon for support, Hwi Jae Lee's declaration contains reference to Plaintiff's Complaint and Opposition Brief to LG Chem's Motion to Dismiss for Lack of Personal Jurisdiction, both of which are already in Plaintiff's possession.  LG Chem further states that statements contained in Mr. Lee's declaration are based in part on his experience and general knowledge developed over time. This request, as phrased, also seeks information protected from discovery by the attorney work-product doctrine. Subject to these objections, LG Chem will produce the documents reviewed by Mr. Lee to support his declaration.  *See* LGC (Williams, R) 022298-022299.

**AMENDED INTERROGATORY No. 8.**  A full and complete copy of all information or documents reviewed by Hwi Jae Lee to prepare the declaration submitted in this matter. [Doc. 30-1]

**RESPONSE TO AMENDED INTERROGATORY No. 8:**  Although not relied upon for support, Hwi Jae Lee's declaration contains reference to Plaintiff's Complaint and Opposition Brief to LG Chem's Motion to Dismiss for Lack of Personal Jurisdiction, both of which are already in Plaintiff's possession. LG Chem further states that statements contained in Mr. Lee's declaration are based in part on his experience and general knowledge developed over time.  LG Chem has produced the documents reviewed by Mr. Lee to prepare his declaration.  *See* LGC (Williams, R) 022298-022299.

9.      A full and complete copy of sales records evidencing any sale or shipment of 18650 lithium-ion batteries made by LG Chem, Ltd., from 2014 to present.  This includes documents showing the purchase of the 18650 li-ion batteries, the shipment, and receipt of the 18650 li-ion batteries by the end users.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's distributor customers in the United States for any model LG 18650 lithium-ion battery cells for the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing  invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and (3)  MG1,

MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide or post-incident sales are not relevant to this case. As a result, attempting to search for and produce all "sales records evidencing" any sale or shipment, including all documents showing the "purchase . . . shipment, and receipt" for each of the thousands of irrelevant transactions involving irrelevant 18650 sales from 2014 to the present would be unduly burdensome and not proportional to the needs of the case. LG Chem also objects to this request as unreasonably cumulative and duplicative of other requests.

10.     A full and complete copy of all records in the possession, custody, or control of

Defendant that pertains to the sale or shipment of 18650 Lithium-Ion batteries.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's distributor customers in the United States for any model LG 18650 lithium-ion battery cells for the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and  (3)  MG1, MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide or post-incident sales are not relevant to this case. As a result, attempting to search for and produce "all records" that "pertain to the sale or shipment of 18650" cells for each of the thousands of irrelevant transactions involving irrelevant 18650 sales from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. This request for "all records" that "pertain[] to" this broad topic also fails to identify with reasonable particularity the documents that it seeks and is duplicative of Request No. 9.

11.     A full and complete copy of all documents related to any application for a patent,

trademark, or copyright submitted by LG Chem, Ltd., pertaining to 18650 Li-Ion batteries.

6

**RESPONSE:** LG Chem objects to this request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. Any "application for patent, trademark, or copyright . . . pertaining to 18650" cells are not relevant, yet Plaintiff demands that LG Chem not only review all such patent, trademark, or copyright applications to determine if any "pertain to" 18650 cells, but also review additional, unidentified documents to determine whether any of them are "related to" any such applications. This would impose an undue burden on LG Chem, and because the request is not relevant, it is not proportional to the needs of the case.

LG Chem also objects to the request for "all documents related to" the broad topic of "any application for a patent, trademark, or copyright . . . pertaining to 18650" cells because it fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34.

12.    All internal correspondence exchanged by or with LG Chem, Ltd., that pertains to

the explosion of li-ion batteries.

**RESPONSE:**  LG Chem will produce the following documents: (1) Cease and Desist letters; (2) website warnings; and (3) depictions of on-cell and packaging warnings. *See* LGC (Williams, R) 010692-020056. Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem also will produce: (4) Product Specifications for the MG1, MJ1, and MH1 model 18650 lithium-ion battery cells; (5) exemplar communications with customers warning against the use of 18650 cells in e-cigarettes; (6) exemplar Declarations of Commitment; (7) exemplar contracts with customers; (8) communications with the CPSC seeking to prevent the unintended use of 18650 cells as standalone, replaceable batteries; (9) communications with the FDA seeking to prevent the unintended use of 18650 cells as standalone, replaceable batteries; and (10) correspondence regarding the first report of an 18650 battery cell causing burn injuries outside of a battery pack.  *See* LGC (Williams, R) 009968-010533; LGC (Williams, R) 010569-010584.

LG Chem objects to this request as vague and ambiguous because the request for "correspondence exchanged *by or with* LG Chem, Ltd." is inconsistent with word "internal" modifying "correspondence." Accordingly, LG Chem has identified correspondence with others. LG Chem also objects to this request for "correspondence," whether internal or "exchanged by or with LG Chem, Ltd." related to the overly broad topic of "the explosion of li-ion batteries" as improperly seeking documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity because this would encompass every communication between LG Chem and its in-house or outside counsel regarding any lawsuit involving the explosion of a lithium-ion battery cell.

In addition, the request for "[a]ll . . . correspondence . . . that pertains to" the broad topic of "the explosion of li-ion batteries" is overly broad, unduly burdensome, not proportional to the needs of the case, and fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34. The request is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to facts or circumstances similar to this case. Attempting to search for and produce all correspondence, whether internal or external, that may in any way "pertain[] to the explosion of [any] li-ion batteries" anywhere in the world from 2012 to the present would be unduly burdensome, not proportional to the needs of the case, and contrary to statutory protections. For these reasons, LG Chem objects.

13.     All internal correspondence exchanged by or with LG Chem, Ltd., that pertains to

the use of Li-Ion batteries in e-cigarettes.

**RESPONSE:**  LG Chem will produce the following documents: (1) Cease and Desist
letters; (2) website warnings; and (3) depictions of on-cell and packaging warnings. *See* LGC
(Williams, R) 010692-020056.  Pursuant to the Confidentiality Protective Order entered in this
case on June 24, 2022, LG Chem also will produce: (4) Product Specifications for the MG1, MJ1,
and MH1 model 18650 lithium-ion battery cells; (5) exemplar communications with customers
warning against the use of 18650 cells in e-cigarettes; (6) exemplar Declarations of Commitment;
(7) exemplar contracts with customers; (8) communications with the CPSC seeking to prevent the
unintended use of 18650 cells as standalone, replaceable batteries; (9) communications with the
FDA seeking to prevent the unintended use of 18650 cells as standalone, replaceable batteries;
(10) correspondence regarding the first report of an 18650 battery cell causing burn injuries outside
of a battery pack; and (11) LG Chem's contract regarding the supply of 18650 cells for the IQOS
device.  *See* LGC (Williams, R) 009968-010556; LGC (Williams, R) 010569-010584.
          LG Chem objects to this request as vague and ambiguous because the request for
"correspondence exchanged *by or with* LG Chem, Ltd." is inconsistent with the word "internal"
modifying "correspondence." Accordingly, LG Chem has identified correspondence with others.
LG Chem also objects to this request for "correspondence," whether internal or "exchanged by or
with LG Chem, Ltd." related to the overly broad topic of "the use of Li-Ion batteries in e-
cigarettes" as improperly seeking documents protected from discovery by the attorney-client
privilege, work-product doctrine, or consulting-expert immunity because this would encompass
every communication between LG Chem and its in-house or outside counsel regarding any lawsuit
involving the use of 18650 cells as standalone batteries in e-cigarettes.
          In addition, the request for "[a]ll . . . correspondence . . . that pertains to" the broad topic
of "the use of Li-Ion batteries in e-cigarettes" is overly broad, unduly burdensome, not proportional
to the needs of the case, and fails to identify with reasonable particularity the documents that it
seeks, as required by Rule 34. The request is not limited to the model cells at issue, to the United
States, to a reasonable time before the incident, or to facts or circumstances similar to this case.
This case involves specific models of 18650 cells that were loose in Plaintiff's pocket because his
e-cigarette device was designed to misuse 18650 cells as if they were standalone, replaceable
batteries. In contrast, this vague and overbroad request could be construed to seek privileged
documents related to this misuse or correspondence regarding unrelated e-cigarette devices such
as IQOS that incorporate 18650 cells into battery packs as intended. Attempting to search for and
produce all correspondence, whether internal or external, that may in any way "pertains to the use
of Li-Ion batteries in e-cigarettes" anywhere in the world from 2012 to the present would be unduly
burdensome, not proportional to the needs of the case, and contrary to statutory protections. For
these reasons, LG Chem objects.

14.     All financial records pertaining to the sale of 18650 Li-Ion batteries.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June
24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any
model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's
distributor customers in the United States for any model LG 18650 lithium-ion battery cells for

the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and (3) MG1, MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case.

As a result, attempting to search for and produce "[a]ll financial records" that may "pertain[]" in any way to "the sale of 18650" cells for each of the thousands of irrelevant transactions involving irrelevant 18650 sales from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. This request for "all financial records" that "pertain[] to" this broad topic also fails to identify with reasonable particularity the documents that it seeks and is unreasonably cumulative and duplicative of Request Nos. 9 and 10.

15.     All documents indicating the number of 18650 Li-Ion batteries manufactured and

sold by LG Chem from 2014 to present.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's distributor customers in the United States for any model LG 18650 lithium-ion battery cells for the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and (3) MG1, MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case.

As a result, attempting to search for and produce "[a]ll documents" that may "indicat[e]" in any way "the number of 18650" cells manufactured and sold by LG Chem anywhere in the world from 2014 to the present would be unduly burdensome and not proportional to the needs of the case. This request for "[a]ll documents" that in any way "indicat[e]" this broad topic also fails to identify with reasonable particularity the documents that it seeks and is duplicative of Request Nos. 9, 10, and 14.

16.    All documents indicated (sic) the number of 18650 Li-Ion batteries distributed by

LG Chem, Ltd., from 2014 to present.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce invoices reflecting sales or shipments of LG 18650 lithium-ion battery cells to its distributor customers located in the United States between January 1, 2014 and August 7, 2018.  *See* LGC (Williams, R) 008863-009127.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case.

As a result, attempting to search for and produce "[a]ll documents" that may "indicate[]" in any way "the number of 18650" cells distributed by LG Chem anywhere in the world from 2014 to the present would be unduly burdensome and not proportional to the needs of the case. This request for "[a]ll documents" that in any way "indicat[e]" this broad topic also fails to identify with reasonable particularity the documents that it seeks and is duplicative of Request Nos. 9, 10, 14, and 15.

17.    All documents depicting the persons or entities to whom LG Chem sold 18650 Li-

Ion batteries.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's distributor customers in the United States for any model LG 18650 lithium-ion battery cells for the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and  (3)  MG1, MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

10

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differed in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case.

As a result, attempting to search for and produce "[a]ll documents" that may "depict" in any way "the persons or entities to whom LG Chem sold 18650" cells anywhere in the world from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. This request for "[a]ll documents" that in any way "depict" this broad topic also fails to identify with reasonable particularity the documents that it seeks and is duplicative of Request Nos. 9, 10, 14, 15, and 16.

18.     All documents depicting the end uses for which LG Chem 18650 li-ion batteries have been put.  This includes all documents showing what consumer products use LG Chem 18650 li-ion batteries.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce Product Specifications for the MG1, MJ1, and MH1 model 18650 lithium-ion cells.  *See* LGC (Williams, R) 009968-010163.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. These different 18650 models were used as component parts for building battery packs for thousands of different and products around the world, ranging from lap-top computers to electric vehicles. In contrast, Plaintiff's vaping device was designed to misuse 18650 cells as standalone, replaceable batteries.

As a result, attempting to search for and produce "[a]ll documents" that may "depict[]" in any way "the uses for which" any 18650 cells "have been put" anywhere in the world from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. This request for "[a]ll documents" that in any way "depict[]" this broad topic also fails to identify with reasonable particularity the documents that it seeks.

19.     All written correspondence exchanged by LG Chem, Ltd., with any person or entity pertaining to the use of 18650-batteries in e-cigarettes.

**RESPONSE:** LG Chem will produce the following documents: (1) Cease and Desist letters; (2) website warnings; and (3) depictions of on-cell and packaging warnings. *See* LGC (Williams, R) 010692-020056.  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem also will produce: (4) Product Specifications for the MG1, MJ1, and MH1 model 18650 lithium-ion battery cells; (5) exemplar communications with customers warning against the use of 18650 cells in e-cigarettes; (6) exemplar Declarations of Commitment;

11

(7) exemplar contracts with customers; (8) communications with the CPSC seeking to prevent the unintended use of 18650 cells as standalone, replaceable batteries; (9) communications with the FDA seeking to prevent the unintended use of 18650 cells as standalone, replaceable batteries; (10) correspondence regarding the first report of an 18650 battery cell causing burn injuries outside of a battery pack; and (11) LG Chem's contract regarding the supply of 18650 cells for the IQOS device.  *See* LGC (Williams, R) 009968-010556; LGC (Williams, R) 010569-010584.

This response is subject to LG Chem's objections that the request is vague, ambiguous, overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because a request for "[a]ll written correspondence exchanged" with "any person or entity pertaining to" the broad topic of "the use of 18650 batteries in e-cigarettes" anywhere in the world from 2012 to the present is facially overbroad and fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34. This case involves specific models of 18650 cells that were loose in Plaintiff's pocket because they were used in a specific type of e-cigarette device that was designed to misuse 18650 cells as if they were standalone, replaceable batteries. In contrast, the request is not limited in any way and is so vague and overly broad, it could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity. For these reasons, LG Chem objects.

20.     All written correspondence exchanged by LG Chem, Ltd., with any person or entity

pertaining to the issue of 18650-batteries exploding and/or causing burn injuries.

**RESPONSE:** LG Chem will produce the following documents: (1) Cease and Desist letters; (2) website warnings; and (3) depictions of on-cell and packaging warnings. *See* LGC (Williams, R) 010692-020056.  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem also will produce: (4) Product Specifications for the MG1, MJ1, and MH1 model 18650 lithium-ion battery cells; (5) Material Safety Data Sheets for the MG1 and MH1 cell, (6) exemplar communications with customers warning against the use of 18650 cells in e-cigarettes; (7) exemplar Declarations of Commitment; (8) exemplar contracts with customers; (9) communications with the CPSC seeking to prevent the unintended use of 18650 cells as standalone, replaceable batteries; (10) communications with the FDA seeking to prevent the unintended use of 18650 cells as standalone, replaceable batteries; and (11) correspondence regarding the first report of an 18650 battery cell causing burn injuries outside of a battery pack. *See* LGC (Williams, R) 009859-010533; LGC (Williams, R) 010569-010584.  LG Chem is searching for Material Safety Data Sheets for the MJ1 model cell.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to facts or circumstances similar to this case. LG Chem sold numerous types of "18650 batteries" that are not relevant because they differ in design, chemistry, and function from the incident cells, and while rare, all "lithium-ion batteries" have some risk of explosion. In contrast, this case involves a type of vaping device designed to misuse 18650 cells as standalone, replaceable batteries. As a result, attempting to search for and produce "all written correspondence" exchanged with any person or entity regarding the broad topic of "the issue of 18650-batteries exploding and/or causing burn injuries" under any circumstances anywhere in the world from 2012 to the present would be irrelevant, unduly burdensome, and not proportional to the needs of the case.

LG Chem also objects to the request for "all written correspondence . . . pertaining to" the broad topic of "the issue of 18650-batteries exploding and/or causing burn injuries" because it fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34.  LG Chem also objects to this request to the extent it could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity.

21.    All documents explaining the unique identifiers of LG Chem, Ltd.'s 18650 li-ion

batteries, including all documents that explain the serial numbers or embossed patterns.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce documents explaining the identifying numbers on the insulating safety wrapper of LG 18650 battery cells.  *See* LGC (Williams, R) 010557-010568.

This response is subject to LG Chem's objection that the request for "[a]ll documents" that may in any way explain "unique identifiers" or "the serial or embossed patterns" on any 18650 cells is overbroad, unduly burdensome, not proportional to the needs of the case, and fails to identify with reasonable particularity the documents that it seeks. Attempting to search for and produce "[a]ll documents" from 2012 to the present that may in any way "explain[]" either of these broad topics would be unduly burdensome, not proportional to the needs of the case, and duplicative in light of LG Chem's production of documents providing the information requested.

22.    All design documents maintained by Defendant pertaining to the LG MG1 battery,

including all revisions of said design documents.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce the Internal Original Standards Documents for the MG1 model 18650 lithium-ion battery cell.  *See* LGC (Williams, R) 021817-022297.

This response is subject to LG Chem's objection that the request is overbroad, cumulative, duplicative, and not proportional to the needs of the case because it seeks "[a]ll design documents" for the MG1 even though the Internal Original Standards Documents provide design information for the MG1. LG Chem also objects because the term "design documents" is vague and fails to identify with reasonable particularity the documents that it seeks.

23.    All LG MG1 product specifications, including all revisions.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce Product Specifications for the MG1 model 18650 lithium-ion battery cell.  *See* LGC (Williams, R) 009968-010044.

This response is subject to LG Chem's objection that Product Specifications created after the incident date are not relevant.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem produced Product Specifications for the MG1 model 18650 lithium-ion battery cell.  *See* LGC (Williams, R) 009968-010044.

24.     Any process failure mode effect analysis for the LG MG1 18650-battery.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce PFMEA's for the MG1 model 18650 lithium-ion battery cell. *See* LGC (Williams, R) 010585-010672.

This response is subject to LG Chem's objection that PFMEA's created after the incident date are not relevant.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem produced PFMEA's for the MG1 model 18650 lithium-ion battery cell.  *See* LGC (Williams, R) 010585-010672.

25.     All design failure mode effects analysis for any 18650 li-ion battery, including all

revisions of said document.

**RESPONSE:** With respect to the MG1 model 18650 lithium-ion battery cell, LG Chem has not identified documents responsive to this request in its possession, custody, or control. LG Chem objects to undertaking the effort to attempt to locate the DFMEAs for the MJ1 and MH1 model battery cells potentially involved in this incident when Plaintiff refuses to identify the model cell allegedly at issue, claiming that fact constitutes attorney work product. LG Chem further objects to this request because it is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. As a result, attempting to locate and produce all DFMEA's for this myriad of different, irrelevant 18650 models would be unduly burdensome and not proportional to the needs of the case.

26.     All internal evaluations of key short tests on any 18650-battery designed and/or

manufactured by LG Chem, Ltd.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce short-circuit tests for the MG1, MJ1, and MH1 model 18650 lithium-ion cells.  *See* LGC (Williams, R) 009858.

This response is subject to LG Chem's objections that the request is overbroad and irrelevant because it is not limited to the model cells at issue or to before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. As a result, any "key short tests" related to these models are not relevant.

**SUPPLEMENTAL RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem produced short-circuit tests for the MG1, MJ1, and MH1 model 18650 lithium-ion cells.  *See* LGC (Williams, R) 009858; and LGC (Williams, R) 022300.

This response is subject to LG Chem's objections that the request is overbroad and irrelevant because it is not limited to the model cells at issue or to before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. As a result, any "key short tests" related to these models are not relevant.

27.     Safety test reports for the LG MG1 battery, including all revisions of said safety test reports.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce the following documents for the MG1 model 18650 lithium-ion cell: (1) IEC Test Reports; (2) IEC Test Certificates; (3) UL Test Records; (4) UL Notices of Completion and Authorization; (5) UN Certificate of Compliance and Test Reports; and (6) PSE Certificate of Compliance and Test Reports.  *See* LGC (Williams, R) 009504-009647.

This response is subject to LG Chem's objections that Plaintiff's reference to "safety test reports" is vague, ambiguous, overbroad, and unduly burdensome. Multiple tests may be related in some way to "safety," but not all such tests are relevant to the incident at issue in this case. As a result, undertaking the effort to identify any test that may relate in any way to "safety" would be unduly burdensome and not proportional to the needs of the case.

28.     All UL1642 testing pertaining to any 18650-battery designed or manufactured by Defendant.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce the UL 1642 Test Records and Notices of Completion and Authorization for the MG1 and MH1 model 18650 lithium-ion cells. *See* LGC (Williams, R) 009530-009532; LGC (Williams, R) 009621-009623; LGC (Williams, R) 009686-009690; LGC (Williams, R) 009731-009733; LGC (Williams, R) 009793-009795.  LG Chem is searching for UL 1642 Test Records and Notices of Completion and Authorization for the MJ1 model 18650 lithium-ion cell.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. As a result, attempting to locate and produce all UL1642 testing for this myriad of different, irrelevant 18650 models would be unduly burdensome and not proportional to the needs of the case.

29.     All IECC62133 testing pertaining to any 18650-battery designed or manufactured by Defendant.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce IEC Test Reports and IEC Certificates for the MG1, MJ1, and

MH1 model 18650 lithium-ion cells. *See* LGC (Williams, R) 009510-009529; LGC (Williams, R) 009550-009587; LGC (Williams, R) 009624-009647; LGC (Williams, R) 009648-009685; LGC (Williams, R) 009691-009698; LGC (Williams, R) 009717-009730; LGC (Williams, R) 009734-009792; LGC (Williams, R) 009848-009857.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. As a result, attempting to locate and produce all IECC62133 testing for this myriad of different, irrelevant 18650 models would be unduly burdensome and not proportional to the needs of the case.

30.    All IECC62133 testing pertaining to any 18650-battery designed or manufactured by Defendant.

**RESPONSE:**   LG Chem objects to this request as duplicative of Request No. 29. Accordingly, LG Chem refers Plaintiff to its response and objections to Request No. 29.

31.    All UN38.3 (US DOT) testing pertaining to any 18650-battery designed or manufactured by Defendant.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce the UN Certificate of Compliance and Test Reports for the MG1 and MH1 18650 lithium-ion model cells. *See* LGC (Williams, R) 009504-009509; LGC (Williams, R) 009588-009593; LGC (Williams, R) 009613-009620; LGC (Williams, R) 009796-009802; LGC (Williams, R) 009822-009847.  LG Chem is searching for UN Certificate of Compliance and Test Reports for the MJ1 model 18650 lithium-ion cell.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. As a result, attempting to locate and produce all UN Certificate of Compliance and Test Reports for this myriad of different, irrelevant 18650 models would be unduly burdensome and not proportional to the needs of the case.

32.    All videos or photographs of any test performed by Defendant on any 18650 Li-Ion battery.

**RESPONSE:** LG Chem refers Plaintiff to the testing outlined in LG Chem's responses and objections to Requests for Production Nos. 26-31.

The foregoing response is subject to and without waiver of LG Chem's objection to this request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, not limited to a reasonable time before the

incident, and not limited to specific tests or tests that are relevant to this case. LG Chem conducted a variety of tests on numerous models of 18650 cells that are not relevant because the tests differ and the 18650 cells differ in design, chemistry, and function from the incident cells. Attempting to locate and produce any videos or photographs of "any tests performed" on any of the myriad of different, irrelevant 18650 model cells from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. For these same reasons, this request fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34.

33.     All hazard identification and management plans related to any 18650-battery, including all revisions.

**RESPONSE:** LG Chem responds that there were no processes labelled "hazard identification and management plans" related to any of its 18650 lithium-ion battery cells, and LG Chem objects to those terms as vague and ambiguous. LG Chem also reserves its right to object to this request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it is not reasonably limited in time and not limited to the 18650 model cells at issue.

34.     All documents that describe how Defendant handles or tracks the following for 18650-batteries delivered into the stream of commerce:

      a.      Purchases;

      b.      Shipments;

      c.      Imports;

      d.      Exports;

      e.      Warranty adjustments;

      f.      Personal injury claims;

      g.      Authorized seller complaints;

      h.      Unauthorized seller complaints;

      i.      Consumer complaints;

      j.      Refunds; and

      k.      Lawsuits.

**RESPONSE:**  LG Chem objects to this request because it is vague, ambiguous, overly broad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is

not limited to subject matter relevant to any claim or defense, not limited to a reasonable time prior to the incident, and not limited to the 18650 model cells at issue in this case. Instead, the request seeks "[a]ll documents" that may in any way "describe" the vague and ambiguous topics of "how Defendant handles or tracks" a variety of functions related to any 18650 model cells. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. For these same reasons, this request fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34.

In addition, 18650 cells are industrial component parts used to build battery packs. In contrast, the incident cells at issue were being used as standalone, replaceable batteries in Plaintiff's e-cigarette devices. For these reasons, this request for "[a]ll documents" related to topics such as warranty adjustments, seller complaints, and refunds are irrelevant, unduly burdensome, and not proportional to the needs of the case. LG Chem also objects because the request for documents related to lawsuits, personal injury claims, and unauthorized sales could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity.

35.    Provide a full and complete copy of every invoice evidencing the sale of an LG

Chem lithium ion battery into the State of Missouri in the past 10 years.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce invoices reflecting sales or shipments of 18650 lithium-ion battery cells to any entities located in the State of Missouri from January 1, 2012, to August 7, 2018.  *See* LGC (Williams, R) 008860-008862.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, and not proportional to the needs of the case because it is not limited to 18650 battery cells, and instead seeks invoices related to any type of "lithium ion battery. Sales of lithium-ion batteries, other than 18650 battery cells, to the State of Missouri are not relevant because they differ in size, shape, design, chemistry, and function from the incident cells.

36.    Provide a full and complete copy of every document evidencing the use of a LG

Chem lithium ion battery into the state of Missouri in the past 10 years.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce any invoices reflecting sales or shipments of 18650 lithium-ion battery cells to any entities located in the State of Missouri from January 1, 2012, to August 7, 2018.  *See* LGC (Williams, R) 008860-008862.  LG Chem will also produce copies of Complaints filed in Missouri prior to August 7, 2018, alleging injury from the use of an LG 18650 lithium-ion cell as standalone, replaceable batteries with vaping devices.  *See* LGC (Williams, R) 020057-021557.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because attempting to locate and produce "every document" that may in some way "evidence[e]" LG Chem's single sale of 18650 cells to an entity in Missouri from January 1, 2012 to August 7 2018 or the Complaints identified above would be unduly burdensome and not proportional to the needs of the case. For these same

reasons, this request fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34. LG Chem also objects to this request because it is cumulative and duplicative of Request No. 18 and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity.

37.    All documents evidencing any explosion of a lithium ion battery alleged to be made

by LG Chem, Ltd.

**RESPONSE:**  LG Chem will produce copies of Complaints filed in the United States prior to Plaintiff's alleged August 7, 2018 incident and alleging personal injury from the use of an LG 18650 lithium-ion model battery cell in conjunction with a vaping device.  *See* LGC (Williams, R) 020057-021557.

This response is subject to and without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to facts or circumstances similar to this case. LG Chem sold numerous types of "lithium-ion batteries" that are not relevant because they differ in design, chemistry, and function from the incident cells. As a result, attempting to search for and produce "[a]ll documents" that may in any way "evidence[e] any explosion of a li-ion battery" under any circumstances anywhere in the world from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll documents evidencing" the broad topic of "any explosion of a lithium ion battery" fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34.  LG Chem also objects to this request to the extent it could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity.

38.    All written correspondence exchanged between any employee, servant, or agent of

LG Chem, Ltd., and a Missouri citizen, or a company doing business in the State of Missouri.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce invoices reflecting sales or shipments of 18650 battery cells to any entities located in the State of Missouri from January 1, 2012 to August 7, 2018, and any letters sent to entities located in the State of Missouri demanding that they cease and desist from the sale of LG 18650 battery cells as standalone, replaceable batteries.  *See* LGC (Williams, R) 008860-008862; LGC (Williams, R) 010695-020056.

This response is subject to and without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to a relevant subject matter, not reasonably limited in time, and not limited to any product at issue in this case. As a result, attempting to locate "[a]ll written correspondence exchanged between any employee of LG Chem" and any "Missouri citizen" or any "company doing business" in Missouri would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll written correspondence" without regard to subject matter fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34.

19

39.    A full and complete copy of all contracts or supply agreements entered into by

Defendant pertaining to 18650 Li-Ion batteries.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce sales contracts entered into with distributor customers in the United States of its 18650 lithium-ion battery cells between January 1, 2014 and August 7, 2018. *See* LGC (Williams, R) 010526-010533.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, any contracts or supply agreements between LG Chem and anyone in the world "pertaining to 18650" cells since 2012 are not relevant to this case. As a result, attempting to search for and produce all such contracts or supply agreements from 2012 to the present would be unduly burdensome and not proportional to the needs of the case.

40.    A full and complete copy of all sales data for 18650 lithium ion batteries from 2014

to present.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's distributor customers in the United States for any model LG 18650 lithium-ion battery cells for the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States between January 1, 2014 and August 7, 2018 by providing invoices reflecting the sale or shipment of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1, 2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650 lithium ion cells to LG Chem's distributor customers in the United States for the time period January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and (3) MG1, MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and post-incident sales are not relevant to this case.

As a result, a "full and complete copy of all sales data" for the sale of any 18650 cells anywhere in the world from 2014 to the present is not relevant to the subject matter and, therefore, attempting to collect and produce all such data would be unduly burdensome and not proportional to the needs of the case. LG Chem also objects to this request as cumulative and duplicative in light of the documents LG Chem already agreed to produce in response to Request Nos. 9, 10, 14, 15, 16, and other requests.

41.     A full and complete copy of any written document in possession, custody, or control of LG Chem, Ltd., that pertains to an allegation that an 18650-battery designed, manufactured, or distributed by LG Chem, Ltd., explode/lit on fire and caused injury to a consumer.

**RESPONSE:**  LG Chem will produce copies of Complaints filed in the United States prior to Plaintiff's alleged incident on August 7, 2018, and alleging personal injury from the use of LG 18650 lithium-ion cells as standalone, replaceable batteries with vaping devices.  *See* LGC (Williams, R) 020057-021557.

This response is subject to and without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to facts or circumstances similar to this case. LG Chem sold numerous types of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. As a result, attempting to search for and produce "any written document" that may in any way "pertain to an allegation" that an 18650 "explode[d]/lit on fire and caused injury to a consumer" under any circumstances anywhere in the world from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "any written document" that in any way "pertains to" this broad topic fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting expert immunity. For these reasons, LG Chem objects.  LG Chem also objects to this request to the extent it could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity.

42.     A full and complete copy of all depositions given by an employee and/or corporate representative of LG Chem, Ltd., in a lawsuit concerning the explosion of an 18650-battery alleged to have been made by LG Chem, Ltd.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce a copies of transcripts from the deposition of an employee or corporate representative of LG Chem in any Missouri state or federal case where a plaintiff claims injury from the use of an alleged LG 18650 lithium-ion battery cell as a standalone, replaceable battery with a vaping device.  *See* LGC (Williams, R) 021569-021668.

This response is subject to and without waiver of LG Chem's objection to this request because it improperly seeks "cloned discovery." LG Chem also objects to the request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to lawsuits involving facts or circumstances similar to this case. LG Chem sold numerous types of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. As a result, attempting to search for and produce "all depositions given by an employee and/or corporate representative" in any lawsuit anywhere in the world since 2012

involving any explosion of any 18650 under any circumstances would be irrelevant, unduly burdensome, and not proportional to the needs of the case.

43.   A full and complete copy of all documents produced by LG Chem, Ltd., in any

lawsuit concerning the alleged explosion of an 18650 Li-Ion battery.

**RESPONSE:** LG Chem refers Plaintiff to its responses to Request Nos. 7 and 42.
This response is subject to and without waiver of LG Chem's objection to this request because it improperly seeks "cloned discovery." LG Chem also objects to the request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to lawsuits involving facts or circumstances similar to this case. LG Chem sold numerous types of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. As a result, attempting to search for and produce "all documents" produced in any lawsuit anywhere in the world since 2012 involving any explosion of any 18650 under any circumstances would be irrelevant, unduly burdensome, and not proportional to the needs of the case.

44.   All indemnity contracts/agreements between Defendant and any person or entity

that resides or does business in the State of Missouri.

**RESPONSE:** LG Chem has not identified any indemnity contracts or agreements between LG Chem and any person or entity that resides in the State of Missouri and related to the purchase of 18650 battery cells from LG Chem between January 1, 2012 to August 7, 2018.
This response is subject to and without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to contracts/agreements related to the purchase of 18650 battery cells, not reasonably limited in time, and not limited to any product at issue in this case. As a result, attempting to locate "[a]ll contracts/agreements between Defendant and any person or entity that resides" in the State of Missouri would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll indemnity contracts/agreements" between LG Chem and any entity that "does business in the State of Missouri" is even more broad, but irrelevant. For these reasons, LG Chem objects.

45.   A full and complete copy of any advertisement, whether video, printed, or audio

that includes the word "Missouri" that was created by or for, or paid for in whole or in part, by LG

Chem, Ltd.

**RESPONSE:** LG Chem does not have advertisements for 18650 lithium-ion battery cells and is not aware of any "advertisement" for any other product that includes the word "Missouri."
This response is without waiver of LG Chem's objection that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not

limited to the model 18650 battery cells at issue in this case, not limited to a reasonable time prior to Plaintiff's incident, and not limited in geography to Missouri.

46.  All revenue figures for any sales territory including the State of Missouri.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce invoices reflecting sales of MG1, MJ1, or MH1 model 18650 lithium-ion battery cells to any entities in the United States from January 1, 2014 to August 7, 2018, from which revenue information can be determined.  *See* LGC (Williams, R) 009128-009495. LG Chem will also provide invoices reflecting the sale or shipment of LG 18650 lithium-ion battery cells to its distributor customers located in the United States between January 1, 2014 and August 7, 2018.  *See* LGC (Williams, R) 008863-009127.  LG Chem further refers Plaintiff to its responses and objections to Request No 35.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to a reasonable geographic scope, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, and function from the incident cells. Similarly, LG Chem did not have "sales territory[ies]" within the United States, and post-incident sales are not relevant to this case.

As a result, a request for "[a]ll revenue figures" for any products sold in a "sales territory" that includes the entire United States from 2012 to the present is not relevant, overbroad, unduly burdensome, and not proportional to the needs of the case. LG Chem also objects to this request as cumulative and duplicative of Request Nos. 9, 10, 14, 15, 16, and 40.

47.  All written complaints in the possession, custody, or control of LG pertaining to

the explosion of 18650 li-ion batteries.

**RESPONSE:** LG Chem will produce copies of Complaints filed in the United States prior to Plaintiff's alleged incident on August 7, 2018, and alleging personal injury from the use of an LG 18650 model battery cell as a standalone, replaceable battery with a vaping device.  *See* LGC (Williams, R) 020057-021557.

This response is subject to and without waiver of LG Chem's objections that the request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to facts or circumstances similar to this case. LG Chem sold numerous types of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. As a result, attempting to search for and produce "[a]ll written complaints" that may in any way "pertain[] to the explosion" of any 18650 under any circumstances anywhere in the world from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll written complaints" that in any way "pertain[] to" this broad topic fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting expert immunity. For these reasons, LG Chem objects.

48.     All written complaints in the possession, custody, or control of LG pertaining to

the use of 18650 li-ion batteries in e-cigarettes.

**RESPONSE:**  LG Chem will produce copies of Complaints filed in the United States prior
to Plaintiff's alleged incident on August 7, 2018, and alleging personal injury from the use of an
LG 18650 lithium-ion model battery cell as a standalone, replaceable battery with a vaping device.
*See* LGC (Williams, R) 020057-021557.
    This response is subject to and without waiver of LG Chem's objections that the request is
irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it
is not limited to the model cells at issue, to the United States, to a reasonable time before the
incident, or to facts or circumstances similar to this case. LG Chem sold numerous types of 18650
cells that are not relevant because they differ in design, chemistry, function, and use from the
incident cells. As a result, attempting to search for and produce "[a]ll written complaints" that may
in any way "pertain[] to the use" of any 18650 "in e-cigarettes" under any circumstances anywhere
in the world from 2012 to the present would be unduly burdensome and not proportional to the
needs of the case. In addition, the request for "[a]ll written complaints" that in any way "pertain[]
to" this broad topic fails to identify with reasonable particularity the documents that it seeks, as
required by Rule 34, and could be construed to seek documents protected from discovery by the
attorney-client privilege, work-product doctrine, or consulting expert immunity. For these reasons,
LG Chem objects.

49.     All purchase orders pertaining to any sale of 18650 li-ion batteries from 2013 to

present.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June
24, 2022, LG Chem will identify: (1) anyone in Missouri to whom LG Chem sold or shipped any
model LG 18650 lithium-ion cell for the time period 2012 through August 7, 2018; (2) LG Chem's
distributor customers in the United States for any model LG 18650 lithium-ion battery cells for
the time period January 1, 2014 through August 7, 2018; and (3) all persons or entities to whom
LG Chem has shipped MG1, MH1, or MJ1 model 18650 lithium-ion cells in the United States
between January 1, 2014 and August 7, 2018 by providing  invoices reflecting the sale or shipment
of (1) any model LG 18650 lithium-ion cells to anyone in Missouri for the time period January 1,
2012 through August 7, 2018, *see* LGC (Williams, R) 008860-008862; (2) any model LG 18650
lithium ion cells to LG Chem's distributor customers in the United States for the time period
January 1, 2014 through August 7, 2018, *see* LGC (Williams, R) 008863-009127; and  (3)  MG1,
MH1, and MJ1 model 18650 lithium-ion battery cells to anyone in the United States between
January 1, 2014 and August 7, 2018, *see* LGC (Williams, R) 009128-009495.
    This response is subject to and without waiver of LG Chem's objections that the request is
overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it
is not limited to the model cells at issue, to the United States, or to a reasonable time before the
incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ
in design, chemistry, and function from the incident cells. Similarly, LG Chem's world-wide and
post-incident sales are not relevant to this case.

As a result, attempting to search for and produce "[a]ll purchase orders pertaining to any sale" of any of the thousands of world-wide transactions involving 18650 sales from 2013 to the present would be unduly burdensome and not proportional to the needs of the case. LG Chem also objects to this request as cumulative and duplicative of Request Nos. 9 and 10.

50.     All documents that relate to any design or label modifications made by Defendant

to prevent or reduce the likelihood that an 18650 li-ion battery explodes or ignites.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce depictions of the warnings that appeared on MG1, MJ1, or MH1 model 18650 lithium-ion battery cells. LG Chem also will produce Internal Original Standards Documents for the MG1 and the MJ1 model 18650 lithium-ion battery cells. LG Chem is searching for Internal Original Standards Documents for the MH1 model battery cell. *See* LGC (Williams, R) 010692-010693; LGC (Williams, R) 021722-022297.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. As a result, documents related to the design or labels for these cells are not relevant and attempting to locate and produce all of them would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll documents" that in any way "relate to" these broad topics of design or warning changes fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting expert immunity. For these reasons, LG Chem objects.

51.     All agreements or contracts between LG Chem, Ltd., and any third-party pertaining

to the supply of li-ion batteries in the United States Market.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce sales contracts entered into with distributor customers in the United States of its 18650 lithium-ion battery cells between January 1, 2014 and August 7, 2018. *See* LGC (Williams, R) 010526-010533.  LG Chem further refers Plaintiff to its responses and objections to Request Nos. 4 and 35.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to Missouri, or to a reasonable time before the incident. LG Chem sold numerous types of "li-ion batteries" that are not relevant because they differ in design, chemistry, function, and use from the incident cells. Similarly, LG Chem's sales of any type of "li-ion batteries" anywhere in the United States from 2012 to the present are not relevant to this case.

As a result, attempting to search for and produce "[a]ll agreements or contracts" between LG Chem and any third-party in the United States "pertaining to the supply of li-ion batteries in the United States Market" from 2012 to the present would be unduly burdensome and not proportional to the needs of the case.

52.     All written documents that explain the purpose or intend use of 18650 li-ion

batteries.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce Product Specifications for the MG1, MJ1, and MH1 model 18650 lithium-ion battery cells.  *See* LGC (Williams, R) 009968-010163.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. In addition, the request for "[a]ll written documents" that in any way "explain the purpose or intended use" of any 18650 model battery cell from 2012 to the present fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34. Attempting to locate all such documents would be unduly burdensome and not proportional to the needs of the case.

53.     All written correspondence indicating the date upon which Defendant became

aware that 18650 li-ion batteries were being used to power electronic cigarettes.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce written correspondence evidencing the first unconfirmed report of an LG 18650 lithium-ion battery cell being used outside of a battery pack in conjunction with an e-cigarette and correspondence indicating the first confirmed report of an LG 18650 lithium-ion battery cell being used as a standalone, replaceable battery with an e-cigarette device.  *See* LGC (Williams, R) 010569-010584.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to 18650 use as standalone, replaceable batteries in e-cigarettes. LG Chem also objects to the request for "[a]ll written correspondence" related to the topic because it fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege or work-product immunity.

54.     All documents or surveillance footage collected by Defendant that pertains to

Plaintiff Robert Williams.

**RESPONSE:** LG Chem does not have responsive footage at this time. LG Chem objects to this request to the extent the request for "[a]ll documents" collected by Defendant that pertain to Plaintiff could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting-expert immunity.

55.     All statements of Plaintiff in Defendant's possession, custody, or control.

**RESPONSE**: LG Chem does not have responsive statements at this time.

56.     All market analysis performed by or on behalf of LG Chem, Ltd., that explains the

potential markets for 18650 li-ion batteries.

**RESPONSE**: LG Chem objects to this request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. Moreover, 18650 cells are industrial component parts used for building battery packs, but this case involves the specific misuse of 18650 cells as standalone, replaceable batteries in e-cigarettes. As a result, any "market analysis" related to other uses or other model cells are not relevant and attempting to locate any such "analysis" from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. In addition, the request for any "market analysis" that in any way "explains the potential markets" for any 18650 cells fails to identify with reasonable particularity the documents that it seeks.

57.     All market analyses performed by or on behalf of LG Chem, Ltd., that explains the

potential market for li-ion batteries in the electronic cigarette market.

**RESPONSE**: LG Chem has not identified any market analyses performed by or on behalf of LG Chem that explains the potential market for 18650 lithium-ion battery cells in the electronic cigarette market.

LG Chem objects to this request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to facts or circumstances similar to this case. LG Chem sold numerous types of "lithium-ion batteries" that are not relevant because they differ in design, chemistry, function, and use from the incident cells. In addition, the type of li-ion batteries in this case, 18650 cells, are industrial component parts used for building battery packs, but this case involves the misuse of 18650 cells in e-cigarettes designed to misuse 18650 cells as standalone, replaceable batteries. As a result, attempting to search for and produce "[a]ll market analyses" that may have in any way "explained the potential market" for any type of "li-ion batteries" in any type of "electronic cigarette," regardless of design, from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. In addition, the term "market analyses" is vague and ambiguous. As a result, the request fails to identify with reasonable particularity the documents that it seeks.

58.     All written correspondence exchanged between Defendant and any third-party

pertaining to the development of IQOS device.

**RESPONSE**: Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce a copy of its contract with Phillip Morris regarding the sale of

18650 lithium-ion battery cells for use as a component part in the charging unit for the Electronic Nicotine Delivery System ("ENDS") knows as IQOS®.  *See* LGC (Williams, R) 010534-010556.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because the IQOS device is not relevant to any claim or defense. The IQOS device is not designed to misuse 18650 cells as standalone, replaceable batteries, and it does not utilize any of the MG1, MH1, or MJ1 model cells at issue in this case. Instead, IQOS uses an 18650 cell with different electrical properties intended to provide longer battery life rather than high discharge rates. The IQOS also heats, but does not burn, tobacco, rather than vaporizing liquids like the vaping device at issue in this case. For these reasons, undertaking the effort to search for and produce "[a]ll written correspondence exchanged between" LG Chem and anyone else "pertaining to the IQOS device" would be unduly burdensome and not proportional to the needs of the case. Moreover, this request for "[a]ll written correspondence" related to this broad topic fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34.

59.    All agreements pertaining to the supply of lithium ion batteries for the IQOS device.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce a copy of its contract with Phillip Morris regarding the sale of 18650 lithium-ion battery cells for use as a component part in the charging unit for the Electronic Nicotine Delivery System ("ENDS") knows as IQOS®.  *See* LGC (Williams, R) 010534-010556.

This response is without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to before Plaintiff's August 7, 2018, incident and for the reasons set forth in LG Chem's objections to Request No. 58 regarding the differences between the IQOS device and the vaping device at issue in this case. Accordingly, LG Chem incorporates those objections here.

60.    All written documents or information exchanged between Defendant and the following entities related to the potential for 18650 lithium ion batteries to ignite and/or cause injury:

a.    FDA;

b.    CPSC;

c.    U.S. Fire Administration; and

d.    Consumer Technology Association.

**RESPONSE:** Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce communications with the U.S. Food and Drug Administration and Consumer Product Safety Commission regarding the unintended use of 18650 lithium-ion battery cells by consumers as standalone, replaceable batteries in e-cigarette devices. LG Chem has not identified documents exchanged with the U.S. Fire Administration. LG Chem is searching

for documents exchanged with the Consumer Technology Association related to the misuse of 18650 lithium-ion cells as standalone, replaceable batteries, but reserves its right to object to producing any such documents after the search is complete. *See* LGC (Williams, R) 010164-010338.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to communications regarding the unintended use of 18650 battery cells by consumers as standalone, replaceable batteries in e-cigarette devices.

61.     All complaints, claims, incident reports, notices writings, audio recordings, and

video surveillance in the possession, custody, or control of LG Chem, Ltd., or any of its parents,

affiliates, or subsidiaries, related to any incident of alleged injury or damage due to the explosion

of an 18650 li-ion battery.

**RESPONSE:**  LG Chem will produce copies of Complaints filed in the United States prior to Plaintiff's alleged incident on August 7, 2018, and alleging personal injury from the use of an LG 18650 model battery cell as a standalone, replaceable battery with a vaping device.  *See* LGC (Williams, R) 020057-021557.

This response is subject to and without waiver of LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to the United States, to a reasonable time before the incident, or to facts or circumstances similar to this case. LG Chem sold numerous types of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. In addition, this case involves the misuse of 18650 cells as standalone, replaceable batteries in a vaping device. As a result, attempting to search for and produce "[a]ll complaints, claims, incident reports, notices writings, audio recordings, and video surveillance" that may be in any way "related to any incident of alleged injury or damage due to the explosion of an 18650 li-ion battery" under any circumstances anywhere in the world from 2012 to the present would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll complaints, claims, incident reports, notices writings, audio recordings, and video surveillance" that may be in any way "related to" the broad topic of "any incident of alleged injury or damage due to the explosion of an 18650 li-ion battery" fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting expert immunity. Moreover, this request seeks documents that are not in the possession, custody, or control of LG Chem. Finally, the request is cumulative and duplicative of other requests, including Request Nos. 20 & 41. For these reasons, LG Chem objects.

62.     All correspondence, memoranda, comments, or design reviews evidencing any

discussion or consideration of alternative designs for Defendant's 18650-batteries, including the

addition of warnings or instructions for the past 10 years.

**RESPONSE:**  Pursuant to the Confidentiality Protective Order entered in this case on June 24, 2022, LG Chem will produce depictions of the warnings that appeared on MG1, MJ1, or MH1 model 18650 lithium-ion battery cells. LG Chem also will produce Internal Original Standards Documents for the MG1 and the MJ1 model 18650 lithium-ion battery cells. LG Chem is searching for Internal Original Standards Documents for the MH1 model 18650 lithium-ion battery cell.  *See* LGC (Williams, R) 010692-010693; LGC (Williams, R) 021722-022297.

This response is subject to LG Chem's objections that the request is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue or to a reasonable time before the incident. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. As a result, undertaking the effort to search for and produce "[a]ll correspondence, memoranda, comments, or design reviews" that may in any way "evidence[e]" the broad topic of "any discussion or consideration of alternative designs for Defendant's 18650-batteries, including the addition of warnings or instructions" regardless of the subject matter of the "alternative designs" or "instructions" or "warnings" or the type of cell involved would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll correspondence, memoranda, comments, or design reviews" that may in any way "evidence[e]" these broad topics fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting expert immunity. For these reasons, LG Chem objects. LG Chem also objects to this request because it is cumulative and duplicative of Request No. 50.

63.    All documents relating to any proposed or considered recall of any 18650 li-ion batteries manufactured, distributed, or sold by Defendant.

**RESPONSE:**  LG Chem objects to this request as overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case because it is not limited to the model cells at issue, to a reasonable time before the incident, or to facts or circumstances similar to those at issue in this case. LG Chem sold numerous models of 18650 cells that are not relevant because they differ in design, chemistry, function, and use from the incident cells. In addition, 18650 cells are industrial component parts used for building battery packs. In contrast, this case involves the misuse of 18650 cells in vaping devices designed to use 18650 cells as standalone, replaceable batteries. As a result, undertaking the effort to search for and produce "[a]ll documents" that may in any way related to "any proposed or considered recall" of any 18650, regardless of circumstances, would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll documents" that may in any way "relate[] to" these broad topics fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product doctrine, or consulting expert immunity. For these reasons, LG Chem objects.

64.    All written information, correspondence or videos generated by Defendant pursuant to its public relations campaign to promote awareness that 18650 li-ion batteries should not be

used in electronic cigarettes, including all emails exchanged with any third-party public relations firm related to the campaign.

**RESPONSE:** LG Chem refers Plaintiff to publicly available information responsive to this request at www.StaySafeBattery.com. LG Chem also will produce documents evidencing these public safety campaigns to prevent the misuse of 18650 lithium-ion battery cells as standalone, replaceable batteries.  *See* LGC (Williams, R) 010673-010691.

This response is subject to LG Chem's objections that the request because it is not reasonably limited in time and undertaking the effort to identify, review, and produce "[a]ll written information" and "correspondence . . . including all emails exchanged with any third-party public relations firm" related to LG Chem's broad, years-long safety campaigns would be unduly burdensome and not proportional to the needs of the case. In addition, the request for "[a]ll written information" and "correspondence . . . including all emails exchanged with any third-party public relations firm" related to these activities fails to identify with reasonable particularity the documents that it seeks, as required by Rule 34, and could be construed to seek documents protected from discovery by the attorney-client privilege, work-product immunity, and consulting-expert immunity. For these reasons, LG Chem objects.

Dated this 2nd day of September 2022.

Respectfully submitted,

Brian R. Plegge, #32500 (MO)
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
Saint Louis, Missouri 63101
Phone: (314) 421-3400
Fax: (314) 421-3128
bplegge@bjpc.com

*/s/ Rachel Hedley*
Rachel Atkin Hedley, #16941 (SC)
NELSON MULLINS RILEY &
SCARBOROUGH
1320 Main Street, Suite 1700
Columbia, SC 29201
Phone: (803) 255-5565
Fax: (803) 256-7500
rachel.hedley@nelsonmullins.com

Melissa Foster Bird, #6588 (WV)
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
949 Third Avenue, Suite 200
Huntington, WV 25701

Phone: (304) 526-3500
Fax: (304) 526-3599
melissa.fosterbird@nelsonmullins.com

***Attorneys for Defendant LG Chem, Ltd.***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 2, 2022, a true and correct copy of the foregoing **DEFENDANT LG CHEM, LTD.'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** was placed in the U.S. Mail and served on the following counsel of record (with courtesy copy sent via email to the same):

John Matthew Simon
THE SIMON LAW FIRM PC
800 Market Street
Suite 1700
St. Louis, MO 63101
Email: jmsimon@simonlawpc.com


*/s/ Rachel Hedley*